855 P.2d 38

**Dwayne N. BANKS, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 19184.

Supreme Court of Idaho,
Boise, December 1992 Term.

June 9, 1993.

Ronald J. Wilper, Caldwell, for petitioner-appellant.

Larry EchoHawk, Atty. Gen., and Joel D. Horton, Deputy Atty. Gen., Boise, for respondent.

BISTLINE, Justice.

Appellant Dwayne N. Banks ("Banks") was charged with and tried for violating I.C. § 18–6101(3) (forcible rape). At the conclusion of its case in chief, the State of Idaho ("the State") was allowed over objection to amend the information to charge Banks with violating I.C. § 18–6101(1) (sexual intercourse with a female under the age of eighteen) since the victim was fifteen years old. The jury convicted Banks of the amended charge. On the grounds that the defense should have known that the information could be amended, the Court of Appeals affirmed the conviction. *State v. Banks*, 113 Idaho 54, 740 P.2d 1039 (Ct.App.1987). Banks was represented by Van Bishop at trial and again on appeal.

On November 19, 1990, Banks filed, *inter alia*, a Petition for Post–Conviction Relief and a Motion for Appointment of Counsel. Although his Motion for Appointment of Counsel was granted in two days, the district court filed a notice of its intent to dismiss the post-conviction relief petition, to which Banks responded with his motion for retention. The court nevertheless entered an order dismissing the Banks petition.

 Banks raises two issues on appeal: first, whether he may raise the issue of ineffective assistance of trial counsel for the first time in a petition for post-conviction relief, and second, whether Banks set out a prima facie case of ineffective assistance of counsel which sufficed to avoid dismissal of his petition. Banks' first issue has been previously resolved by a ruling of this Court.[1] As to the second issue, Banks argues that the district court did not pro-

---

1. In *Matthews v. State*, 122 Idaho 801, 839 P.2d 1215 (1992), we held that a petitioner may raise the issue of ineffective assistance of counsel for the first time in a post-conviction hearing. In fact, the State concedes the issue. Moreover, the district court in the case did not appear to rely solely upon this argument in dismissing Banks' petition; rather, it stated that Banks failed to set forth a prima facie case of ineffective assistance of counsel.

vide sufficient notice as to the grounds upon which it was contemplating the dismissal of Banks' post-conviction petition.

■ We agree with Banks that the district court failed to provide him with sufficient notice in its Notice of Intent to Dismiss. Idaho Code § 19–4906(b) is relevant wherein it provides:

When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and *its reasons for so doing.* The applicant *shall be given an opportunity to reply* within 20 days to the *proposed* dismissal.... Disposition on the pleadings and record is not proper if there exists a material issue of fact.

I.C. § 19–4906(b) (emphasis added). When the court considering the petition for post-conviction relief is contemplating dismissal *sua sponte*, it must notify the parties of its intention to dismiss and must provide its reasons for the potential dismissal. *Ivey v. State*, 123 Idaho 77, 79, 844 P.2d 706, 708 (1992); *Peltier v. State*, 119 Idaho 454, 456, 808 P.2d 373, 375 (1991).

The district court's reasons which it supplied to Banks in its Notice of Intent to Dismiss are reproduced in their entirety:

The Court is satisfied, on the basis of the petition and the record, that Petitioner is not entitled to post-conviction relief and that no purpose would be served by any further proceedings.

All issues raised in the instant petition either were or should have been raised on appeal from the conviction. [Citation omitted.] Petitioner makes no allegations which, even if taken as true, would entitle him to the relief sought.

It was not until the Order of Dismissal that the district court clarified its reasoning and addressed each of Banks' claims, including those relating to ineffective assistance of counsel.

The basis for the district court's contemplated dismissal as contained in its Intent to Dismiss was not sufficiently specific to meet the "reasons" requirement of I.C. § 19–4906.[2] For its rationale, the district court merely echoed language found in that statute[3] and then noted that Banks was not entitled to the relief he sought. If the drafters and adopters of I.C. § 19–4906 had thought that merely iterating language from the statute would be sufficient, they would not have required that the court articulate its reasons, for a petitioner could then be expected to resort to looking at the statute for explanation. Although the court did eventually provide Banks with its reasons for considering dismissal in its Order of Dismissal, I.C. § 19–4906(b) clearly contemplates that those reasons be given *before* the petition is actually dismissed, inasmuch as the statute requires that the applicant be allowed to respond to the "proposed" dismissal.

Because the district court's Notice of Intent to Dismiss did not adequately notify Banks of the court's reasons, thereby precluding Banks from a meaningful opportunity to reply to the proposed dismissal, we vacate the court's Order of Dismissal and remand for a hearing wherein the district court articulates its rationale for dismissal and in turn allows Banks to respond. As noted in *Ivey v. State*, to avoid dismissal, Banks will need to support allegations of ineffective assistance of counsel with affidavits or "equally reliable evidence" made on personal knowledge. *See Ivey v. State*, 123 Idaho 77, 80, 844 P.2d 706, 709 (1992).

McDEVITT, C.J., and JOHNSON and TROUT, JJ., concur.

---

**2.** The court essentially noted as much when it remarked in its Order of Dismissal that "[a]lbeit the Court's somewhat terse statement of its reasons for intending to dismiss may have precipitated some perplexity on the part of Petitioner, it is apparent that he fails to perceive the Court's rationale." Banks had responded by his motion to retain by focusing on the court's *res judicata* theory. The court's Order of Dismissal, however-

er, then focused on the merits of Banks' petition.

**3.** Except for the failure to raise Banks' claims on appeal, which, as we have held above, does not waive Banks' claims as to ineffective assistance of counsel.

McKEE, Judge, Pro Tem., dissenting.

A remand with directions to hold a hearing merely because a trial judge failed to explain a ruling whose reasons are fully revealed in the record is pointless. In this case, the trial judge's notice, albeit terse, was precise and complete. It satisfied the requirements of Idaho Code § 19–4906, and is fully substantiated by settled law. Just because the petitioner might not perceive the court's full rationale does not make the notice deficient, nor mandate a hearing to explain it further.

The only issue raised in the original petition that was not resolved or foreclosed by the direct appeal was ineffective assistance of counsel. However, no facts were offered to the trial judge, and none are included in the appellate briefs, to support any conclusion that different counsel could have changed the outcome. The substance of petitioner's argument is merely that his first lawyer should have tried harder. This court has repeatedly held that such speculation is not sufficient to warrant relief in post convictions proceedings. *Parrott v. State*, 117 Idaho 272, 787 P.2d 258 (1990); *State v. Bingham*, 116 Idaho 415, 776 P.2d 424 (1989); *State v. Charboneau*, 116 Idaho 129, 774 P.2d 299 (1989); *Carter v. State*, 108 Idaho 788, 702 P.2d 826 (1985); all citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). All of this is either settled law or is apparent from the record, whether detailed in the trial judge's ruling or not.

I would affirm the order of the trial court dismissing the petition for post conviction relief.