979 P.2d 1219

Creston DOWNING, Petitioner–Appellant,

v.

STATE of Idaho, Respondent.

No. 24815.

Court of Appeals of Idaho.

May 6, 1999.

Gregory Fitzmaurice, P.A., Grangeville, for appellant. Gregory Fitzmaurice argued.

Hon. Alan G. Lance, Attorney General; Alison A. Stieglitz, Deputy Attorney General, Boise, for respondent. Alison A. Stieglitz argued.

PERRY, Chief Judge.

Creston Downing appeals from the district court's order summarily dismissing his application for post-conviction relief. Downing alleges that the district court's notice of proposed dismissal was fatally deficient. He also contends that summary dismissal was inappropriate because there were material issues of fact raised in his application and response to the proposed dismissal. For the reasons set forth below, we vacate the district court's order for summary dismissal and remand for further proceedings.

## I.

## BACKGROUND

Creston Downing was found guilty by a jury of lewd conduct with a minor child under sixteen. I.C. § 18–1508. Downing was sentenced to a unified term of fifteen years, with six years fixed. He appealed his judgment of conviction and sentence, and this Court affirmed. *State v. Downing*, 128 Idaho 149, 911 P.2d 145 (Ct.App.1996).

On February 14, 1997, Downing filed a verified application for post-conviction relief. Downing asserted that he received ineffective assistance of counsel during various stages of counsel's representation, including pretrial, trial, and sentencing.[1] On March 13, 1997, the state filed its answer and requested dis-

---

1. One of Downing's contentions dealing with the victim's alleged post-trial recantation was dis- missed pursuant to a stipulation on April 1, 1998.

missal of the application. On January 21, 1998, Downing deposed trial counsel.

For reasons and under circumstances that are not revealed by the appellate record, the district court directed Downing's counsel to prepare a proposed notice of dismissal. On April 3, 1998, the district court signed and issued that notice. On April 16, Downing filed a response to the proposed dismissal of the application and requested oral argument thereon. Included with the response were affidavits of Downing, an independent attorney, and a clinical forensic psychologist.

On June 17, without hearing argument or setting forth any reasons for its decision, the district court summarily dismissed Downing's application. Downing appeals.

## II.

### ANALYSIS

■ An application for post-conviction relief initiates a proceeding which is civil in nature. *State v. Bearshield,* 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State,* 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); *Murray v. State,* 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct.App.1992). Summary dismissal of an application pursuant to Idaho Code Section 19–4906 is the procedural equivalent of summary judgment under I.R.C.P. 56. Like a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19–4907; *Russell v. State,* 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct.App.1990). An application for post-conviction relief differs from a complaint in an ordinary civil action, however, for an application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, an application for post-conviction relief must be verified with respect to facts within the personal knowledge of the applicant and affidavits, records or other evidence supporting its allegations must be attached or the application must state why such supporting evidence is not included with the application. I.C. § 19–4903. In other words, the application must present or be accompanied by admissi-ble evidence supporting its allegations or the application will be subject to dismissal.

■ Idaho Code Section 19–4906 authorizes summary disposition of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal is permissible only when the applicant's evidence has raised no genuine issue of material fact which, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Gonzales v. State,* 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct.App.1991); *Hoover v. State,* 114 Idaho 145, 146, 754 P.2d 458, 459 (Ct.App.1988); *Ramirez v. State,* 113 Idaho 87, 89, 741 P.2d 374, 376 (Ct.App.1987). Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the state does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman v. State,* 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct.App.1994); *Baruth v. Gardner,* 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App.1986).

■ Downing argues that because the district court's notice of proposed dismissal of his application for post-conviction relief was fatally defective, the case should be remanded. A district court may dismiss an application for post-conviction *sua sponte* when it is satisfied that the applicant is not entitled to relief. Idaho Code Section 19–4906(b) states, in pertinent part:

When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings, *it* may indicate to the parties *its* intention to dismiss the application and *its* reasons for so doing.

(Emphasis added.). The district court must provide the applicant with adequate notice of the reasons for its contemplated dismissal; however, simply echoing the language of I.C. § 19–4906(b) is insufficient to provide such

notice. *Banks v. State*, 123 Idaho 953, 954, 855 P.2d 38, 39 (1993).

In the case at bar, the notice of proposed dismissal stated, in relevant part:

The Court having reviewed the record herein, including the application, answer and other filings, and the record from the criminal action of State of Idaho vs. Creston Downing, Idaho County Case No. CR 4628, and the Court having determined pursuant to Idaho Code Section 19–4906(b) that the petitioner is not entitled to post conviction relief and that no purpose would be served by any further proceedings, the Court hereby provides the following notice:

1. The petitioner's application will be dismissed by the Court within twenty (20) days of the date hereof, absent a decision by the Court to allow leave to file an amended application or by order allowing the proceeding to otherwise continue.

The notice of the district court merely recited I.C. § 19–4906(b). It did not identify with any particularity why the district court deemed Downing's evidence or legal theories to be deficient. Thus, the notice is inadequate as a matter of law under the Supreme Court's edict in *Banks*.

The state concedes this error, but argues in its brief that the error was "invited" by Downing because his counsel prepared the notice of proposed dismissal as directed by the district court. We disagree. The statutory duty pursuant to I.C. § 19–4906(b) rests solely with the district court and it is the court which is ultimately responsible for the contents of the notice. Thus, the district court is to draft the proposed notice of dismissal so that the applicant can be assured that he or she is accurately informed of the court's reasons for the proposed summary dismissal. Therefore, we conclude that it is inappropriate for an applicant to be directed to prepare a notice of proposed dismissal of his or her own action when the district court is considering dismissal of an application pursuant to I.C. § 19–4906(b).

During appellate oral argument, the state asserted that the error by the district court, if not invited, was harmless because Downing did respond to the notice of proposed dismissal. Counsel for Downing, on the other hand, categorized any attempt to respond to the district court's deficient notice as "shooting at ghosts."

An application for post-conviction relief is processed under the Idaho Rules of Civil Procedure. I.C.R. 57(b). Harmless error is defined by I.R.C.P. 61, which states in relevant part:

[N]o error or defect in any ruling or order ... by the court ... is ground for ... vacating, modifying, or otherwise disturbing a judgement or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

The opportunity for an applicant to adequately and appropriately respond to the district court's notice, in order to avoid summary dismissal and have the merits of his or her application considered at an evidentiary hearing, is a substantial right. When that right is affected by a defective notice of proposed dismissal, this Court cannot disregard the error. In the case at bar, Downing submitted affidavits to the district court in response to the notice of proposed dismissal without having any knowledge of the district court's intended grounds for dismissal and, thus, having no idea whether his response was even addressing those grounds. Downing was left to shoot at an invisible target. Even the district court's subsequent one-sentence order dismissing Downing's application gives this Court no indication of why the district court summarily dismissed the application. It states only, "Pursuant to prior notice this matter is hereby DISMISSED." This Court is thus unable to determine, from the record made by the district court, whether the documentation submitted by Downing was responsive to the district court's notice or any reason whatsoever for the eventual dismissal. Therefore, the error by the district court cannot be held to be harmless, and the order summarily dismissing Downing's application must be vacated.

During appellate oral argument, the parties also disagreed as to what relief this Court should afford Downing if we determined a remand was appropriate. The state argued that the case should be remanded in the same manner as in *Banks*—for a hearing wherein the district court articulates its rationale for proposed dismissal and allows Downing to respond. However, we are cognizant that the district judge who issued the notice and order from which Downing appeals has left the bench and, thus, on remand Downing's post-conviction relief action will need to be assigned to a different judge. Therefore, a *Banks*-style remand of the instant case is not available as the preferred relief.

Downing argues for two alternative dispositions. First, he invites this Court to address the merits of his ineffective assistance of counsel argument on appeal, determine which issues, if any, this Court considers inappropriate for summary dismissal, and direct the district court to have an evidentiary hearing with regard to those issues. However, because the record does not reveal the reasoning that underlies the district court's decision, we are not in a position to hold the reasoning was incorrect. This Court, like Downing, requires an expression of the district court's rationale to which we can respond.

In the alternative, Downing argues that the case should be remanded with a "clean slate," sending it back to the district court in the same procedural posture as it was at the time the defective notice was issued by the district court. We conclude that this is the appropriate remedy due Downing. By remanding and placing the instant case in the same posture as it was at the moment of the district court's error, this Court ensures that the new district judge will be able to review Downing's application and reach its own informed decision regarding the merits of Downing's allegations. This Court recognizes, however, that Downing's application, or portions thereof, may again be summarily dismissed by the district court pursuant to I.C. § 19–4906(b) or (c).

## III.

## CONCLUSION

The order of the district court summarily dismissing Downing's application for post-conviction relief pursuant to I.C. § 19–4906(b) is hereby vacated. The case is remanded to the district court with instructions to place the matter in the same procedural posture as when the fatally defective notice of proposed dismissal was signed and issued. In so doing, any and all remedies available under I.C. § 19–4906 remain available to the district court and the parties.

Judge LANSING and Judge SCHWARTZMAN, CONCUR.