**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 32180**

| | |
|---|---|
| DEE DEE FRANCK-TEEL, ) | |
| ) | **2006 Opinion No. 60** |
| Petitioner-Appellant, ) | |
| ) | **Filed: August 28, 2006** |
| v. ) | |
| ) | **Stephen W. Kenyon, Clerk** |
| STATE OF IDAHO, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Minidoka County. Hon. R. Barry Wood, District Judge.

Order summarily dismissing application for post-conviction relief, affirmed in part, reversed in part, and remanded.

Molly J. Huskey, State Appellate Public Defender; Erik R. Lehtinen, Deputy Appellate Public Defender, Boise, for appellant. Erik R. Lehtinen argued.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent. Jessica M. Lorello argued.

_____

PERRY, Chief Judge

Dee Dee Franck-Teel appeals from the district court's order summarily dismissing her application for post-conviction relief. We affirm in part, reverse in part, and remand.

## I.

## FACTS AND PROCEDURE

Franck-Teel agreed to plead guilty to one count of forgery, two counts of possession of a forged instrument, and one count of grand theft by deception (hereinafter the "forgery" case). In exchange, the state agreed to dismiss other charges and make certain sentencing recommendations, including a recommendation to place Franck-Teel on probation so that she could enter a psychological treatment program recommended by an evaluating psychologist. At the time of sentencing in the forgery case, Franck-Teel had already been sentenced to a term of confinement in an unrelated case in another county. Franck-Teel informed the district court that she had filed a motion to reconsider her sentence in the unrelated case and asked the other court

1

to order probation so that she could enter treatment as recommended in the psychological evaluation. The district court agreed to continue Franck-Teel's sentencing until the other court ruled on Franck-Teel's motion.

On the date of Franck-Teel's rescheduled sentencing hearing, the other court had not yet ruled on Franck-Teel's motion to reconsider her sentence. The parties nevertheless agreed to go forward with Franck-Teel's sentencing in the forgery case. Neither the prosecutor nor Franck-Teel's counsel argued that Franck-Teel should be placed on probation to enable her to enter the treatment program. The district court sentenced Franck-Teel to concurrent unified terms of fourteen years, with minimum periods of confinement of three years. This Court affirmed Franck-Teel's judgments of conviction, sentences, and the denial of her I.C.R. 35 motion for reduction of her sentences in an unpublished opinion. *See State v. Teel,* Docket Nos. 27257, 27258, 27259, and 27260 (Ct. App. Nov. 14, 2003).

On February 9, 2005, Franck-Teel filed an application for post-conviction relief alleging six grounds: (1) breach of the plea agreement; (2) faulty presentence investigation report (PSI); (3) ineffective assistance of counsel in explaining the plea agreement; (4) ineffective assistance of counsel for failing to correct the faulty PSI; (5) ineffective assistance of counsel in misrepresenting the effect of the plea agreement; and (6) ineffective assistance of counsel on the Rule 35 motion. The state filed a motion for summary disposition. Following a hearing on the state's motion, the district court dismissed Franck-Teel's application. Franck-Teel appeals, arguing that she received insufficient notice of the grounds for dismissal of her application.

## II.

## STANDARD OF REVIEW

An application for post-conviction relief initiates a proceeding which is civil in nature. *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Clark v. State*, 92 Idaho 827, 830, 452 P.2d 54, 57 (1969); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). An application for post-conviction relief differs from a complaint in an ordinary civil action, however, for an application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). Rather, an application for post-conviction relief

2

must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19-4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

Idaho Code Section 19-4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application pursuant to I.C. § 19-4906 is the procedural equivalent of summary judgment under I.R.C.P. 56. Summary dismissal is permissible only when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Gonzales v. State*, 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct. App. 1991); *Hoover v. State*, 114 Idaho 145, 146, 754 P.2d 458, 459 (Ct. App. 1988); *Ramirez v. State*, 113 Idaho 87, 89, 741 P.2d 374, 376 (Ct. App. 1987). Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the state does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986).

On review of a dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of fact exists based on the pleadings, depositions and admissions together with any affidavits on file; moreover, the court liberally construes the facts and reasonable inferences in favor of the non-moving party. *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993).

### III.

### ANALYSIS

On appeal, Franck-Teel contends that the state's motion did not identify the particular basis for dismissal of her claims and, thus, it failed to provide her sufficient notice of the evidentiary or legal deficiencies in her application. Franck-Teel argues that, therefore, the district court's summary dismissal of her application was effectively a sua sponte dismissal and she was entitled to notice and an opportunity to respond.

3

Idaho Code Section 19-4906 provides, in pertinent part:

> . . . .
>
> (b)     When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to post-conviction relief and no purpose would be served by any further proceedings, it may indicate to the parties its intention to dismiss the application and its reasons for so doing. The applicant shall be given an opportunity to reply within 20 days to the proposed dismissal. . . .
>
> (c)     The court may grant a motion by either party for summary disposition of the application when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.

If the state files and serves a properly supported motion to dismiss pursuant to Section 19-4906(c), further notice from the court is ordinarily unnecessary. *Martinez v. State,* 126 Idaho 813, 817, 892 P.2d 488, 492 (Ct. App. 1995). However, if the state's motion fails to give notice of the grounds, the court may grant summary dismissal only if the court first gives the applicant twenty days' notice of intent to dismiss and the grounds therefore, pursuant to Section 19-4906(b). *Flores v. State,* 128 Idaho 476, 478, 915 P.2d 38, 40 (Ct. App. 1996). This procedure is necessary so that the applicant is afforded an opportunity to respond and to establish a material issue of fact. *Id.*

A motion for summary dismissal that does not identify the particular basis for dismissal of the applicant's claims fails to give notice of any deficiencies in the evidence or additional legal analysis necessary to avoid dismissal of the action. *See Martinez,* 126 Idaho at 818, 892 P.2d at 493. In such a situation, the court's summary dismissal of the application is, in effect, a sua sponte dismissal on grounds advanced by the court, and it is obliged to comply with the twenty-day notice requirement in Section 19-4906(b) before dismissing the post-conviction action. *Id.* Failure to provide sufficient notice ordinarily requires that an order summarily dismissing an application for post-conviction relief be reversed. *Peltier v. State,* 119 Idaho 454, 456-57, 808 P.2d 373, 375-76 (1991).

Here, the state's motion for summary dismissal reads as follows:

> COMES NOW, the Respondent in the above-entitled action . . . and moves this Court for an order dismissing the above-entitled action by reason of the following:

        1.     That Petitioner alleges conclusory allegations and does not raise a genuine issue of material fact or timely filed.

        2.     Petitioner fails to present facts adequate to indicate that [her] counsel's conduct so undermined the proper functioning of the adversarial process so as to produce an unjust result.

        3.     Petitioner fails to present facts adequate to indicate that [her] counsel's conduct was deficient because it fell outside the wide range of professional norms.

        4.     That the Petitioner fails to present facts adequate to indicate prejudice as a result of deficient conduct of [her] counsel.

        5.     That the Petitioner fails to assert facts adequate to overcome the presumption that [her] counsel's performance constituted adequate assistance and was made with all significant decisions in the exercise of reasonable professional judgment.

        6.     Petitioner failed to allege facts adequate to overcome the indication that strategic and tactical decisions were objectively appropriate.

The state concedes that this motion inadequately informed Franck-Teel of the grounds for dismissal. The broad and generic contentions in the state's motion do not refer to Franck-Teel's specific allegations and, thus, cannot be construed as addressing the perceived flaws in any particular item of evidence or legal analysis, which Franck-Teel needed to address in order to avoid summary dismissal. From the record before us, it appears that the state's motion was not accompanied by a legal brief, affidavit, or other document that either challenged the sufficiency of Franck-Teel's evidence or presented legal argument asserting why the state was entitled to judgment. The motion therefore did not give Franck-Teel sufficient notice of the issues or arguments to which she needed to respond.

However, the state contends that, because a hearing was held on the state's motion for summary dismissal, the notice requirements set forth in Section 19-4906(b) were no longer applicable. We are not persuaded, however, that the district court's decision to hear argument on the state's motion for summary dismissal altered the procedural posture of the case. The hearing referred to by the state did not involve any testimony or evidence. This case involved a summary dismissal and, therefore, the requirements set forth in Section 19-4906 controlled.

The state further asserts that Franck-Teel waived her right to notice of intent to dismiss and an opportunity to respond because she failed to object to the adequacy of the state's motion in the district court. Relying on *Garza v. State*, 139 Idaho 533, 82 P.3d 445 (2003), Franck-Teel argues that the state's contention is foreclosed by existing law.

5

In *Garza*, an applicant for post-conviction relief did not respond to the district court's notice of intent to dismiss some of his claims. On appeal, the state contended that the applicant's failure to respond constituted a procedural default and precluded his challenge to the summary dismissal on appeal. The Idaho Supreme Court rejected the state's argument and held that, regardless of whether a post-conviction applicant responds to the district court's notice of intent to dismiss, the summary dismissal of an application for post-conviction relief is subject to appellate review. *Id.* The Court then concluded that the district court failed to give sufficient notice of its reasons for dismissing some of the applicant's claims and, notwithstanding the applicant's failure to respond or object to the district court's notice, the Court vacated the district court's summary dismissal of those claims so that the district court could provide the requisite notice. *See id.* at 537-38, 82 P.3d at 449-50. Pursuant to *Garza*, if the district court in this case had issued insufficient notice of its intent to dismiss and Franck-Teel failed to object to its insufficiency, she would still be entitled to challenge the notice's sufficiency on appeal. *See Garza,* 139 Idaho at 537-38, 82 P.3d at 449-50. The state has not asserted any reason why a post-conviction applicant should be required to object to the inadequacy of the notice contained in a motion for summary dismissal filed by the state but not to the inadequacy in a district court's notice of intent to dismiss.

Nevertheless, some of Franck-Teel's claims have been waived. Franck-Teel not only failed to object to the adequacy of the notice in the state's motion, but her counsel also appeared at a hearing and represented that Franck-Teel no longer wished to pursue three of the six grounds asserted in Franck-Teel's original application for post-conviction relief. At the hearing, Franck-Teel's counsel stated:

> [I]t appears that the issue that [Franck-Teel] would raise would be this: She entered two plea agreements on different occasions. One plea agreement was for a term of years. Her most recent, the newest plea agreement seemed to indicate that the sentences would be run consecutive; but she would be allowed to have probation and inpatient treatment.
> . . . .
> . . . [A]t sentencing, because of the Cassia County case, there was no argument to comply with the recommendations in the plea agreement. So the best I can come up with is that the state and counsel should have redone and re-entered a new plea agreement to make it clear as to what the recommendations were going to be at sentencing . . . .

6

. . . So that's the best argument that she's got to present at this time, is that there was a plea agreement. . . .

My argument is as good as I can come up with . . . .

Based on this colloquy, Franck-Teel's counsel represented that Franck-Teel only wished to pursue the three grounds in the original application related to the plea agreement. Those three grounds relating to the plea agreement and pursued by Franck-Teel's counsel are breach of the plea agreement, ineffective assistance of counsel in explaining the plea agreement, and ineffective assistance of counsel in misrepresenting the effect of the plea agreement. Franck-Teel's counsel also indicated that Franck-Teel did not wish to pursue the other three grounds in her original application. Counsel thus represented that Franck-Teel waived the right to pursue the grounds of faulty PSI, ineffective assistance of counsel in failing to correct the faulty PSI, and ineffective assistance of counsel on the Rule 35 motion.

We are cited to no authority, and have found none, indicating that a trial court may not rely on the representations of a party's attorney as to what issue or issues the client wants to pursue. Once the attorney represents that the client does not wish to proceed on particular grounds in open court, the court may treat those grounds as waived by the client.[1] *See generally* HAROLD GILL REUSCHLEIN & WILLIAM A. GREGORY, AGENCY AND PARTNERSHIP § 21 (1st ed. 1979) ("When a duly licensed attorney-at-law appears for a party in a case the law presumes that his appearance has been authorized."). On the record before us, we must conclude that the district court properly dismissed the three grounds which Franck-Teel's counsel represented Franck-Teel no longer wished to pursue. We note, however, that Franck-Teel can still raise those three grounds for post-conviction relief in a successive post-conviction relief action if she can show that she did not knowingly, voluntarily, and intelligently waive those grounds through her counsel at the hearing. *See Palmer v. Dermitt*, 102 Idaho 591, 595-96, 635 P.2d 955, 959-60 (1981).[2]

---

[1] An attorney representing an applicant for post-conviction relief would be well-advised to take steps to ensure the record clearly shows that the client wished to waive certain grounds for relief. For example, the attorney should file an amended application, a letter, or an affidavit signed by the client that affirmatively waives the grounds upon which the client no longer wishes to proceed.

[2] District judges could avoid successive post-conviction actions, brought pursuant to *Palmer*, by requiring the presence and participation of the applicant at the hearing to ensure that

7

In contrast to the three grounds for relief that were waived by Franck-Teel's counsel, the three grounds related to the plea agreement were not waived. Franck-Teel is therefore still entitled to adequate notice before summary dismissal of those grounds. Although Franck-Teel responded to the state's motion to dismiss by further explaining the grounds for relief related to the plea agreement at the hearing, neither she nor her counsel affirmatively asserted that she understood the alleged deficiencies in her application with regard to those three grounds. The opportunity for an applicant to adequately and appropriately respond to the district court's notice, in order to avoid summary dismissal and have the merits of his or her application considered at an evidentiary hearing, is a substantial right. *Downing v. State,* 132 Idaho 861, 864, 979 P.2d 1219, 1222 (Ct. App. 1999). Further, the district court has a statutory duty to provide adequate notice and it is the court which is ultimately responsible for the contents of the notice. *Id.*

Regardless of whether Franck-Teel objected to the adequacy of the state's motion for summary disposition, the motion failed to identify the particular basis for dismissal. Therefore, the district court effectively dismissed Franck-Teel's application sua sponte by unexplained grounds advanced by the district court. We conclude that Franck-Teel's attempt to respond to the deficient motion for summary dismissal did not absolve the district court of its duty to comply with Section 19-4906(b). Accordingly, with regard to the three grounds for relief related to the breach of the plea agreement, Franck-Teel did not waive her right to adequate notice and a meaningful opportunity to respond by appearing at the hearing through counsel and failing to object to the lack of sufficient notice contained therein.

Nevertheless, if Franck-Teel's response to the state's motion for summary dismissal reveals that she understood the basis for dismissal of the three grounds for relief related to the plea agreement set forth in the state's motion, then we will conclude that the inadequacy of notice was harmless error. *See Baker v. State,* 142 Idaho 411, 421-22, 128 P.3d 948, 958-59 (Ct. App. 2005). In *Baker,* the district court's notice of intent to dismiss the applicant's successive application for post-conviction relief provided insufficient notice of the reasons for its proposed dismissal. However, the district court's notice of intent to dismiss the applicant's initial application set forth the reasons for dismissal with sufficient particularity. Further, the district

the record indicates that the applicant agreed to the waiver of the grounds for post-conviction

court's notice of intent to dismiss the successive application indicated that information submitted with the successive application would not have altered its reasons for dismissing the initial application. The applicant's response to the district court's notice of intent to dismiss the successive application revealed that he understood the district court's reasons for dismissing the successive application to be the same as those set forth in the notice of intent to dismiss the initial application. Therefore, the applicant was able to meaningfully respond to the district court's notice of intent to dismiss the successive application, and the district court's failure to provide adequate notice constituted harmless error. *Id.* at 421-22, 128 P.3d 948, 958-59.

Here, at the hearing held on the state's motion for summary dismissal, the state alleged that Franck-Teel failed to meet either the deficient performance or prejudice prongs of her grounds for relief asserting ineffective assistance of counsel. However, the state again failed to allege with particularity the asserted legal or factual deficiencies in Franck-Teel's application supporting dismissal. The state made no specific explanation of why the three grounds she asserted relating to the plea agreement should be summarily dismissed. Further, following argument from both parties, the district court granted the state's motion without indicating any basis for its decision. Similarly, the district court's written order of dismissal does not indicate the reasons it granted the state's motion.

Without knowing the particular basis for the dismissal of Franck-Teel's application for post-conviction relief, we cannot determine whether Franck-Teel's argument at the hearing was responsive to the state's motion for summary dismissal or to reasons the application was eventually dismissed. *See also Downing,* 132 Idaho at 864, 979 P.2d at 1222. Therefore, we cannot say that the absence of adequate notice of the grounds for dismissal did not affect Franck-Teel's right to a meaningful opportunity to respond in attempt to cure the alleged deficiencies with additional argument or by amending her application.[3]

---

relief.

[3] Based on the transcript of the hearing on the state's motion, Franck-Teel's attorney implied that even the three grounds not affirmatively waived had little merit. However, even where an application for post-conviction relief is without merit, the district court is required to comply with the notice requirement set forth in Section 19-4906(b) and the failure to do so requires that the matter be remanded. *See Cherniwchan v. State,* 99 Idaho 128, 129-30, 578 P.2d 244, 245-46 (1978). The indications of Franck-Teel's attorney regarding the merit of Franck-

9

The state's motion for summary dismissal failed to provide Franck-Teel with sufficient notice of the issues or arguments to which she needed to respond. Franck-Teel's counsel did represent, however, that she did not intend to pursue three of the six grounds originally asserted in her application, which constituted a waiver of those grounds. However, Franck-Teel's counsel did not waive the right to pursue the three grounds related to the breach of plea agreement or otherwise affirmatively demonstrate that notice setting forth the grounds for dismissal of those grounds was unnecessary. Accordingly, the district court's failure to comply with the requirement of notice and an opportunity to respond set forth in Section 19-4906(b) was not harmless error in dismissing the three grounds for relief related to the plea agreement.

## IV.

## CONCLUSION

The state's motion for summary dismissal did not provide sufficient notice of the purported deficiencies in the evidence or additional legal analysis necessary to avoid dismissal of Franck-Teel's application for post-conviction relief. However, Franck-Teel's counsel effectively waived three of the six grounds for relief that she had originally asserted in her application. The three grounds waived at the hearing are faulty PSI, ineffective assistance of counsel for failing to correct the faulty PSI, and ineffective assistance of counsel on the Rule 35 motion. Therefore, the district court's summary dismissal of Franck-Teel's three remaining grounds for relief was, in effect, a sua sponte dismissal pursuant to Section 19-4906(b), and the district court was required to provide notice of its intent to dismiss and to provide Franck-Teel with twenty days to respond. Those grounds for relief still requiring adequate notice are breach of the plea agreement, ineffective assistance of counsel in explaining the plea agreement, and ineffective assistance of counsel in misrepresenting the effect of the plea agreement. We therefore affirm the district court's decision to the extent that it dismissed the three grounds waived by Franck-Teel's counsel. We reverse the district court's order dismissing Franck-Teel's three remaining grounds for relief related to the plea agreement and remand this matter to the district court to

Teel's three grounds for relief related to the plea agreement did not demonstrate an understanding of the specific grounds on which the application was ultimately dismissed. Additionally, the lack of merit in those grounds for relief was not relevant to the district court's obligation to provide notice of intent to dismiss and an opportunity to respond.

10

provide the appropriate notice as to those grounds for relief. Our decision does not, of course, preclude another summary dismissal on remand on bases adequately articulated in a notice of intent to dismiss or in a motion from the state. No costs or attorney fees are awarded on appeal.

Judge LANSING and Judge GUTIERREZ, **CONCUR.**