**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36835**

| | | |
|---|---|---|
| **DAVID L. PARK,** | ) | **2010 Unpublished Opinion No. 549** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: July 9, 2010** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

Orders denying appointment of counsel and summarily dismissing petition for post-conviction relief, <u>reversed</u> and <u>case remanded</u>.

David L. Park, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Rebekah A. Cudé, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Chief Judge

David L. Park appeals from the district court's order summarily dismissing his successive petition for post-conviction relief. He asserts that the district court erred by denying his motion for appointment of counsel. We reverse.

## I.

## BACKGROUND[1]

In the underlying criminal case, Park pleaded guilty to lewd conduct with a minor under sixteen and was sentenced to a term of incarceration. Park did not file a direct appeal from the

_____

[1] The record provided on appeal in this case is sparse. The background here is gleaned from the petition and Park's affidavit submitted in support, along with the district court's orders denying the appointment of counsel and summarily dismissing the petition. This opinion should not be understood as holding that Park's averments are established fact, but merely that this Court assumes that they are true for purposes of this appeal because this case comes before us on summary dismissal, the equivalent of summary judgment.

1

judgment of conviction, but about a year later he filed a pro se petition for post-conviction relief. An attorney was appointed to represent him. Ultimately, the district court summarily dismissed the petition. Park appealed, but dismissed the appeal on the advice of his appointed appellate attorney. According to Park, the appellate attorney had told him that the primary claim he wished to assert on appeal--that his trial counsel was ineffective for failing to advise him of his privilege against self-incrimination prior to his participation in a court-ordered psychosexual evaluation that was used against Park at sentencing--would not be successful on appeal because Park's post-conviction counsel had not presented evidence in support of this claim to the district court.

Park then filed the present successive petition for post-conviction relief, again asserting ineffective assistance of counsel. He also filed a contemporaneous motion for appointment of counsel. The district court found that Park was without funds to hire an attorney, but denied the motion based upon its interpretation of the substantive claim asserted. The district court understood Park's petition and supporting affidavit to be asserting only a claim that his prior post-conviction attorney was ineffective. The court concluded that this allegation did not state a valid claim for post-conviction relief and that appointment of counsel therefore was not warranted because the petition was frivolous. The district court issued a notice of intent to dismiss, stating as the ground for dismissal the same reasoning as that in the order denying counsel. After receiving Park's pro se response, the district court dismissed the petition, stating a number of additional grounds for dismissal that were not contained in the notice of intent to dismiss. Park appeals pro se.

## II.

## ANALYSIS

The sole issue presented by Park on appeal is whether the district court erred by denying his motion for appointment of counsel. We hold that the district court's order was erroneous, and we therefore reverse and remand for further proceedings.

Idaho Code § 19-4908 prohibits the filing of successive petitions for post-conviction relief except in very limited circumstances. It states:

> All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other

2

proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.

Thus, in order to pursue his successive petition, Park first had to establish a "sufficient reason" why his claim was not asserted or was inadequately presented in his first petition.

Park's asserted reason was the ineffectiveness of his prior post-conviction counsel in failing to present available evidence to support the claim. Although ineffective assistance of post-conviction counsel is not an independent basis for relief in a successive post-conviction action, Idaho courts have long held that deficient representation by counsel in an initial post-conviction proceeding that causes a claim to be inadequately presented to the court may constitute a "sufficient reason" to allow repetition of the same claim in a subsequent post-conviction petition pursuant to I.C. § 19-4908. *Palmer v. Dermitt*, 102 Idaho 591, 595-96, 635 P.2d 955, 959-60 (1981); *Schwartz v. State*, 145 Idaho 186, 189, 177 P.3d 400, 403 (Ct. App. 2008); *Griffin v. State*, 142 Idaho 438, 441, 128 P.3d 975, 978 (Ct. App. 2006); *Baker v. State*, 142 Idaho 411, 420, 128 P.3d 948, 957 (Ct. App. 2005); *Hernandez v. State*, 133 Idaho 794, 798-800, 992 P.2d 789, 793-95 (Ct. App. 1999); *Wolfe v. State*, 113 Idaho 337, 339, 743 P.2d 990, 992 (Ct. App. 1987).

The district court failed to properly apply the statute to Park's allegations. Park's successive petition states that he was denied effective assistance of counsel, without providing detail. However, Park's contemporaneous supporting affidavit shows that he was asserting prior post-conviction counsel's deficient representation as a "sufficient reason" for filing his successive petition, and that the substantive claim he was asserting was *defense* counsel's ineffective assistance with respect to the psychosexual evaluation. The affidavit states that in his initial petition Park:

> submitted further grounds that my trial attorney had failed as well as this Court to advise me of the fact that I had the right to be free against the privilege of self-incrimination and that trial counsel was ineffective in representing me on these matters under the resent (sic) ruling set forth in Estrada v. State, 143 Idaho 558, 149 P.3d 818 (2006) as a new rule of law I was entitled to relief under this new case. I also upon filing the Motion to Reconsider and Memorandum in Support I sent a copy of it to [appointed counsel on the first petition] so as to be aware of this filing and possibly set it for hearing and oral argument as well. This was not done.

3

In its ultimate memorandum dismissing the successive petition, the district court recognized that this was in fact Park's claim. The district court erred, however, in concluding that Park had stated no ground for a successive petition reasserting the claim that was allegedly dismissed earlier due to the error of his first post-conviction attorney.

We note also that in its order denying counsel, the district court cited an incorrect legal standard, relying on this Court's decision in *Cowger v. State*, 132 Idaho 681, 684, 978 P.2d 241, 244 (Ct. App. 1999), which applied I.C. §§ 19-4904 and 19-852. Due to a subsequent legislative amendment, the latter statute no longer pertains to appointment of counsel in post-conviction cases. As explained by our Supreme Court in *Swader v. State*, 143 Idaho 651, 653, 152 P.3d 12, 14 (2007):

> In *Quinlan v. Idaho Comm'n for Pardons and Parole*, 138 Idaho 726, 730, 69 P.3d 146, 150 (2003), we stated, "I.C. § 19-853, was amended to make clear that appointment of counsel at public expense in post-conviction cases shall be in accordance with I.C. § 19-4904. Thus, I.C. § 19-852 no longer applies in post-conviction cases and appointment of counsel in those cases is governed only by I.C. § 19-4904." Based upon *Quinlan*, this Court held in *Charboneau v. State*, 140 Idaho 789, 102 P.3d 1108 (2004), that the proper standard for determining whether to appoint counsel for an indigent petitioner in a post-conviction proceeding is whether the petition alleges facts showing the possibility of a valid claim.

The *Swader* Court further held:

> In denying Swader's motion for appointment of counsel, however, the district court did not apply that standard. It stated, "The statutes governing the appointment of counsel in post-conviction proceedings are I.C. § 19-4904 and I.C. § 19-852." The district court noted that a needy person is not entitled to the appointment of counsel under the latter statute if the proceeding is frivolous. The court then concluded that Swader's petition was frivolous and denied her request for appointment of counsel. The district court erred by not applying the proper standard when denying her motion for appointment of counsel.

*Swader*, 143 Idaho at 653, 152 P.3d at 14 (footnote omitted).

We conclude that with application of the standard announced in *Charboneau*, Park's motion for appointment of counsel should have been granted. In *Estrada v. State*, 143 Idaho 558, 149 P.3d 833 (2006), the defendant participated in a court-ordered psychosexual evaluation, which later played an important role in the sentence imposed. Estrada filed a petition for post-conviction relief alleging that his trial counsel was ineffective in failing to advise him that he had a Fifth Amendment privilege to refuse to submit to the evaluation. The district court denied the petition. On appeal the Idaho Supreme Court reversed and ordered resentencing, holding that

4

Estrada had shown that trial counsel's performance was deficient and that he was prejudiced by that deficient performance. Here, Park's successive petition alleges facts falling squarely within the circumstances of *Estrada*. Therefore, absent some other legal bar to this claim, he has alleged facts showing the possibility of a valid claim such that counsel should have been appointed to represent him in this post-conviction proceeding.

The district court's notice of intent to dismiss stated only that summary dismissal was appropriate because an allegation of ineffective assistance of post-conviction counsel does not constitute a viable post-conviction claim. The district court's order of dismissal, however, identified additional legal bases that it found warranted summary dismissal. This was improper because a court may not summarily dismiss on a ground not identified in a court's notice of intent to dismiss or a motion by the State to dismiss. *Franck-Teel v. State*, 143 Idaho 664, 668, 152 P.3d 25, 29 (Ct. App. 2006). Nevertheless, in the interest of judicial efficiency and for guidance on remand, we will address these alternative grounds for dismissal. The district court first held that because *Estrada* did not create new law, Park's claim was barred pursuant to I.C. § 19-4901(b) because the Fifth Amendment issue could have been raised on direct appeal. This reasoning is erroneous. The district court identified no place in the criminal record where a Fifth Amendment *Estrada* issue was preserved and developed so that it could have been raised as a claim of error in a direct appeal. If, alternatively, the district court was referring to an ineffective assistance of counsel claim, that too would have been disallowed as an issue on direct appeal. Ordinarily we do not address claims of ineffective assistance of counsel on direct appeal because the record on direct appeal is rarely adequate for review of such claims. *Sparks v. State*, 140 Idaho 292, 296, 92 P.3d 542, 546 (Ct. App. 2004); *State v. Hayes,* 138 Idaho 761, 766, 69 P.3d 181, 186 (Ct. App. 2003). They are more appropriately presented through post-conviction relief proceedings such as this where an evidentiary record can be developed. *State v. Mitchell,* 124 Idaho 374, 376, 859 P.2d 972, 974 (Ct. App. 1993).

The district court also reasoned that summary dismissal was appropriate because, under I.C. § 19-4908, Park should have raised the issue in his first petition for post-conviction relief, and that he had done so but that the claim was dismissed for lack of evidentiary support. This reasoning misses the mark, for it is this very failure of his prior post-conviction counsel to support the claim with available evidence the first time around that, Park alleges, demonstrates "sufficient reason" to be allowed to pursue the claim again in a successive petition.

5

The district court erred by declining to appoint counsel for Park, and the error was not harmless. The district court's order denying counsel and its order of dismissal are therefore reversed and this case remanded for proceedings consistent with this opinion.[2]

Judge GRATTON and Judge MELANSON **CONCUR.**

---

[2] This opinion is not to be understood as determining that Park is entitled to an evidentiary hearing or that the successive petition is not subject to dismissal for reasons other than those addressed in this opinion.