## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 49620

| | | |
|---|---|---|
| KURT ALLEN MOROZKO, | ) | |
| | ) | **Filed: September 5, 2023** |
| Petitioner-Appellant, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| STATE OF IDAHO, | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Shoshone County. Hon. Scott L. Wayman, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>vacated</u>; <u>case remanded</u>.

Kurt Allen Morozko, Eloy, Arizona, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Chief Judge

Kurt Allen Morozko appeals from a judgment summarily dismissing his petition for post-conviction relief. We vacate the judgment and remand the case for further proceedings.

### I.

### FACTUAL AND PROCEDURAL BACKGROUND

At the conclusion of a trial in which Morozko represented himself, a jury found him guilty of three counts of unlawful discharge of a firearm at an inhabited dwelling house and two counts of possession of a controlled substance. This Court affirmed Morozko's judgment of conviction and the denial of a subsequent pro se motion for new trial in separate, unpublished opinions. *State v. Morozko*, Docket No. 46689 (Ct. App. Sept. 28, 2020) (judgment of conviction); *State v. Morozko*, Docket No. 48710 (Ct. App. June 16, 2022) (motion for new trial).

1

After affirmance of his judgment of conviction on appeal, Morozko filed a pro se petition for post-conviction relief, asserting various allegations of discovery violations, evidence tampering, prosecutorial misconduct, and ineffective assistance of counsel during the pretrial phase of the underlying criminal case. The State filed an answer and Morozko moved for summary disposition. After a hearing, the district court summarily dismissed Morozko's petition, concluding some claims alleged therein were or could have been litigated on direct appeal and others lacked sufficient evidentiary support. Morozko appeals.

## II.

## ANALYSIS

Morozko argues, among other things, that the district court erred in summarily dismissing his petition for post-conviction relief because the State did not file a motion requesting such. The State characterizes Morozko's argument as challenging the sufficiency of the prior notice he received identifying the grounds upon which his petition was subject to summary dismissal. In response to that characterization, the State argues that Morozko's argument is unpreserved, that he "understood that the [S]tate sought summary dismissal without an evidentiary hearing," and that any inadequacy in the notice he received was harmless. Because Morozko was not provided adequate opportunity to show why his petition was not subject to summary dismissal, we vacate the judgment summarily dismissing the petition and remand for further proceedings.

A.      **Notice and Opportunity to Respond**

A trial court presiding over a post-conviction relief proceeding may summarily dismiss a petition for post-conviction relief sua sponte under I.C. § 19-4906(b). Summary disposition of a petition is also permissible pursuant to a motion by either party under I.C. § 19-4906(c). Before summarily dismissing a petition under I.C. § 19-4906(b), the trial court must advise the parties of its intention to dismiss the petition and its reasons for doing so. If the petitioner fails to address the defects identified by the trial court within twenty days, the trial court may summarily dismiss the petition. *Id.* Similarly, when the State moves for summary disposition, the petitioner is still entitled to twenty days to respond. *Saykhamchone v. State*, 127 Idaho 319, 322, 900 P.2d 795, 798 (1995). This procedure is necessary so that the petitioner is afforded an opportunity to respond and establish a material issue of fact. *Franck-Teel v. State*, 143 Idaho 664, 668, 152 P.3d 25, 29

2

(Ct. App. 2006). Failure to provide sufficient notice ordinarily requires reversal of an order summarily dismissing a petition for post-conviction relief. *Id.*

After filing his nearly 140-page petition, Morozko moved for summary disposition in his favor.[1] The State did not file a written response. However, during the hearing on Morozko's motion, the State opposed his request for summary disposition in his favor by arguing that his claims were subject to summary dismissal for being bare and conclusory or because they either were or should have been raised on direct appeal. When Morozko requested an opportunity to respond to these arguments, however, the district court denied the request and instead took the matter under advisement without hearing further argument, noting that Morozko had provided sufficient written argument regarding the bases of his claims. Subsequently, the district court entered an order summarily dismissing Morozko's petition, observing that the State had "requested" summary dismissal in its answer and concluding that dismissal was appropriate because claims asserted in the petition lacked evidentiary support or were, or could have been, raised and decided on direct appeal.

Morozko faults the district court for summarily dismissing his petition in the absence of a formal motion from the State requesting such. Accordingly, Morozko contends that "the claim by the district court . . . that dismissal of the petition was pursuant to a *request*" by the State constitutes reversible error. Before considering this argument, however, we first address the State's contention that it is unpreserved. The State characterizes Morozko's argument as challenging the *sufficiency* of the notice Morozko received regarding the grounds upon which his petition was subject to summary dismissal--not a challenge alleging a complete lack of prior notice. Although a petitioner must preserve a challenge to the sufficiency of the notice given (*i.e.*, the failure to state the grounds for dismissal with sufficient particularity) via a proper objection, the petitioner may argue for the first time on appeal that his claims were dismissed without any notice at all. *Kelly v. State*, 149 Idaho 517, 522, 236 P.3d 1277, 1282 (2010). According to the State, because it

---

[1] Additionally, Morozko filed motions seeking judicial notice of certain exhibits he submitted and "spoliation sanctions" for the alleged withholding, destruction, alteration, or concealment of evidence relevant to his claims for post-conviction relief. Morozko does not argue that the district court erred by granting, in part, the request for judicial notice and by denying the request for sanctions.

"requested the summary dismissal of Morozko's petition in two filings" and Morozko "responded to those requests," he needed to challenge the "general grounds for dismissal" identified in the State's answer before the district court if he believed them insufficient to preserve the issue for appeal.[2] This argument might be availing if the State had filed a motion for summary disposition, but it did not. As the State acknowledges, it "did not file a distinct motion for summary dismissal, and the district court did not enter a notice of intent to dismiss" Morozko's petition. Because the State did not file a motion for summary dismissal asserting the grounds therefor with particularity, we reject the State's characterization of Morozko's argument as a challenge to the sufficiency of the notice provided to him. Accordingly, the State's preservation argument fails.

We next consider Morozko's argument that summary dismissal of his petition, absent a formal motion by the State, was error. As noted, a trial court may summarily dismiss a petition for post-conviction relief on its own initiative or pursuant to a motion by the State. I.C. §§ 19-4906(b), (c). Under I.C. § 19-4906(a), the State had thirty days from the docketing of Morozko's petition to respond via answer or motion. The State filed an answer, consisting of denials of the allegations in Morozko's petition, six affirmative defenses, and a prayer for relief that requested that Morozko's "claims for post-conviction relief be summarily dismissed."

In *Saykhamchone*, the Idaho Supreme Court held that the State's answer to a petition for post-conviction relief, which asserted certain affirmative defenses and requested that the court dismiss the petition for post-conviction relief "without further hearing pursuant to I.C. §§ 19-4901, et seq.," did not "constitute a motion for summary dismissal as contemplated by I.C. § 19-4906(c)." *Saykhamchone*, 127 Idaho at 322, 900 P.3d at 798. In reaching this conclusion, the Court reasoned that I.R.C.P. 7(b)(1) required written motions to "state with particularity the grounds" upon which they are made and "at a bare minimum," the State's prayer for relief in the answer was deficient for not stating its grounds *with particularity*, and for not stating that it was the State's "*motion* for summary disposition under I.C. § 19-4906(c)." *Saykhamchone*, 127 Idaho at 322, 900 P.3d at 798. The State's answer to Morozko's petition is similarly deficient as a motion and did not constitute

---

[2]     The two filings in which the State "requested" summary dismissal are its answer to Morozko's petition and "a subsequent response to Morozko's request that the [S]tate stipulate to the admission of certain exhibits." Both documents contain a general request for summary dismissal of Morozko's petition.

one. Moreover, as the Court in *Saykhamchone* recognized, when the State "files an answer, as it did here, the petitioner can rightly expect the matter will go to an evidentiary hearing on the issues framed by the pleadings, unless the district court provides a twenty-day notice of intent to dismiss, or the [S]tate files a motion for summary disposition." *Id.* Because the State's answer did not constitute a motion for summary dismissal, the next question is whether the other document the State contends notified Morozko that his petition was subject to summary dismissal constitutes one.

The other document that the State contends notified Morozko of its request for summary dismissal of his petition is a "response to [his] request that the[S]tate stipulate to the admission of certain exhibits." After filing his petition, Morozko filed a document requesting that the State stipulate to "the admission of exhibits, to include photographs, bodycam footage or any other digital media and documents . . . included with" his petition. Despite containing a prayer for relief requesting dismissal of Morozko's post-conviction claims, the State's written response focused on its position regarding the admissibility of the evidence identified in Morozko's requested stipulation but did not include any substantive arguments supporting the request for summary dismissal. Nor did the State's response to Morozko's request for an evidentiary stipulation expressly indicate it was a motion for summary disposition. Thus, like the State's answer, the State's response to Morozko's request for a stipulation regarding the evidence does not constitute a motion for summary disposition. Accordingly, the State's argument that Morozko received adequate notice of the grounds for summary dismissal of his petition fails.

The conclusion that the State's notice arguments fail does not resolve Morozko's assertion that the absence of a motion for summary disposition by the State precludes summary dismissal. It does not because the trial court can summarily dismiss a petition in the absence of a motion from the State. *See* I.C. § 19-4906(b). However, in order to do so, twenty days' notice to respond to the reasons for dismissal is required. *Id.* We have already rejected the State's arguments that Morozko received adequate notice that summary dismissal of his petition was being sought prior to the hearing on his motion for summary disposition. Thus, the only other time Morozko could have received notice and an opportunity to show why his petition should not be summarily dismissed was during the summary disposition hearing. Indeed, the State argued during that hearing that Morozko's request for summary disposition should be denied and that the district

5

court "should consider granting summary judgment and dismiss the petition for post-conviction relief." However, when Morozko sought permission to respond to the State's request, the district court denied the request, took the matter under advisement without hearing further argument, and subsequently entered a written order summarily dismissing Morozko's petition. Thus, even if the State's oral arguments during the summary disposition hearing adequately notified Morozko of the reasons for dismissal and that he needed to show why his petition should not be summarily dismissed, he was denied the opportunity to do so. Accordingly, the district court erred by summarily dismissing Morozko's petition.

The district court's error does not compel reversal if the error was harmless. A petition for post-conviction relief is subject to the Idaho Rules of Civil Procedure. I.C.R. 57(b). Pursuant to I.R.C.P. 61, any error or defect in the proceeding which does not affect a substantial right must be disregarded. The opportunity for a petitioner to adequately and appropriately respond to proposed grounds for summary dismissal is a substantial right. *State v. Downing*, 132 Idaho 861, 864, 979 P.2d 1219, 1222 (Ct. App. 1990). Deprivation of the right is not harmless. Morozko requested and was denied permission to respond to the State's request for summary dismissal during the hearing on his motion for summary disposition, depriving him of the opportunity to respond to the request. This error was not harmless.

**B.      Additional Claims**

Morozko asserts various other arguments on appeal. Where an appellate court reverses or vacates a judgment upon an issue properly raised, and remands for further proceedings, it may give guidance for other issues on remand. *Cummings v. Cummings*, 115 Idaho 186, 190, 765 P.2d 967, 701 (Ct. App. 1988). Most of the other issues Morozko raises challenge the district court's implicit denial of his motion for summary disposition. As noted, a motion for summary disposition is the equivalent to a motion for summary judgment in an ordinary civil case. Subject to two exceptions inapplicable here,[3] the denial of a motion for summary judgment is not a final order subject to direct appeal, nor is it one that can be reviewed on an appeal from a final judgment. *Litke v. Munkhoff*, 163 Idaho 627, 632, 417 P.3d 224, 229 (2018). Accordingly, we will not address

---

[3]      An order denying summary judgment may be appealed when the trial court was acting as an appellate court or when the Idaho Supreme Court grants permission to appeal. *Litke v. Munkhoff*, 163 Idaho 627, 632, 417 P.3d 224, 229 (2018).

Morozko's arguments that the district court erred by denying his request for summary disposition, that fundamental error occurred in the underlying criminal case, that cumulative error in the criminal case violated his right to due process, or that his convictions in the underlying criminal case are "in violation of the Constitution of the United States and/or the Constitution and laws of the state of Idaho."

Morozko also argues that the district court erred by failing to admit certain exhibits he submitted during the hearing on his motion for summary disposition. Because Morozko may attempt to submit the same exhibits upon remand, we will address his arguments to provide further guidance on the issue. Before presenting legal arguments in support of his claims for post-conviction relief during the summary disposition hearing, Morozko moved to admit various exhibits into evidence. Morozko describes these exhibits as "true and correct copies" of court documents, official reports, and photographs that were "provided by the State as discovery in the underlying criminal case." In its written order summarily dismissing Morozko's petition, the district court noted that, "of those exhibits he has submitted, Morozko has not authenticated any" as required by I.R.E. 901, nor did the exhibits "show that they have been certified by authorized personnel" to make them self-authenticating under I.R.E. 902. However, the district court's written order does not expressly exclude the exhibits Morozko submitted. Instead, the district court took judicial notice of "the record, exhibits, documents, transcripts, and indexes contained in the clerk's record" from his appeals in the underlying criminal case, but not "any of the facts contained in those documents."

On appeal, Morozko acknowledges the district court judicially noticed some of the materials from the underlying criminal case that he submitted as exhibits. However, Morozko fails to elaborate how noticing the records instead of admitting them into evidence prejudiced one of his substantial rights. Accordingly, because Morozko has failed to provide argument explaining how the alleged error of failing to admit the judicial noticed materials into evidence prejudiced a substantial right, we disregard any evidentiary error in relation to these exhibits. *See Cedillo v. Farmers Ins. Co.*, 163 Idaho 131, 136, 408 P.3d 886, 891 (2017).

However, Morozko asserts that some of the materials he submitted as exhibits are not contained in the record of the underlying criminal case and, therefore, were not judicially noticed. Morozko faults the district court for failing to admit these exhibits because (among other reasons)

he properly authenticated them as required by I.R.E. 901.  In support of this argument, Morozko cites what appears to be a copy of a notice the State filed in the underlying criminal case indicating the State had complied with Morozko's request for discovery.  The document ostensibly lists the materials the State disclosed to Morozko in the underlying criminal case.  Even if this unauthenticated document could authenticate the other exhibits Morozko submitted, he failed to present testimony or other evidence that the exhibits he submitted are materials listed in the notice.  Accordingly, Morozko has failed to show error in the district court's determination that he failed to authenticate the exhibits he submitted during the hearing on his motion for summary disposition.

## IV.

## CONCLUSION

Morozko did not receive an adequate opportunity to show why his petition was not subject to summary dismissal.  Consequently, summary dismissal of Morozko's petition for post-conviction relief was error.  Accordingly, we vacate the judgment summarily dismissing Morozko's petition and remand the case for further proceedings.

Judge GRATTON and Judge HUSKEY, **CONCUR**.