128 P.3d 975

**Russell E. GRIFFIN, Petitioner–Appellant,**

**v.**

**STATE of Idaho, Respondent.**

No. 30880.

Court of Appeals of Idaho.

Jan. 19, 2006.

---

Russell E. Griffin, Orofino, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

LANSING, Judge.

Russell E. Griffin appeals from the district court's order summarily dismissing his successive petition for post-conviction relief.

## I.

## BACKGROUND

### A. The Initial Post–Conviction Petition

Griffin was serving a sentence for second degree murder when, in 1997, he filed a pro

se petition for post-conviction relief alleging four claims of prosecutorial misconduct and ineffective assistance of counsel in his criminal trial. He later received appointed counsel to represent him in that proceeding. The district court issued a notice of intent to dismiss the petition because it contained conclusory allegations unsupported by sufficient facts entitling Griffin to relief. Griffin's post-conviction attorney did not respond, and having received no response within twenty-days, the court dismissed the petition pursuant to Idaho Code § 19–4906(b). Griffin appealed, but this Court affirmed, concluding that under the rule announced in *Sabin v. State*, 129 Idaho 257, 923 P.2d 502 (Ct.App.1996), which has since been overruled,[1] Griffin waived his right to appeal the dismissal because he failed to respond to the court's notice of intent to dismiss. *Griffin v. State*, 136 Idaho 21, 27 P.3d 880 (Ct.App. 2001) (unpublished).

### B. The Second Post–Conviction Petition

Nearly two years later, Griffin filed the present post-conviction petition, his second, alleging that if his post-conviction attorney had communicated with him and responded to the court's notice of intent to dismiss, his first post-conviction action would have survived summary dismissal. The district court, acting *sua sponte*, dismissed this second post-conviction petition as successive without first giving Griffin notice of its intent to do so. Griffin filed a Motion to Vacate Judgment by which he sought reconsideration of the dismissal, but the district court denied the motion. Griffin appealed. Upon discovering that Griffin had not received the requisite notice of intent to dismiss under I.C. § 19–4906(b), the State filed a motion to remand. The motion was granted, and the district court thereafter issued a notice, which stated in pertinent part:

> The petitioner filed a second petition for post conviction relief.... It does not appear that any new issues have been presented. I.C. § 19–4908 provides as follows:
>
> All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.
>
> Pursuant to I.C. § 19–4906(b), this Court hereby notifies the above parties of its intention to dismiss the application for post-conviction relief ... because it is a successive application raising issues already adjudicated which is not permitted.
>
> ... [T]his Court is satisfied that the Petitioner is not entitled to post-conviction relief and that no purpose would be served by any further proceedings.

This notice gave Griffin twenty days to respond. He did not do so, and the district court again dismissed the petition.

Griffin again appeals. He asserts that the district court still did not give sufficient notice of intent to dismiss. He also contends that he is entitled to summary disposition because the State did not respond to his petition within thirty days.

## II.

### ANALYSIS

#### A. Adequacy of the Notice of Intent to Dismiss

A trial court may summarily dismiss a petition for post-conviction relief, either upon motion of a party or on the court's own initiative, if the petitioner's evidence has raised no genuine issue of material fact which, if resolved in the petitioner's favor, would entitle him to the requested relief. Idaho Code § 19–4906; *Medrano v. State*, 127 Idaho 639, 643, 903 P.2d 1336, 1340 (Ct. App.1995); *Gonzales v. State*, 120 Idaho 759, 761, 819 P.2d 1159, 1161 (Ct.App.1991). However, the court may not dismiss a peti-

---

1. *Garza v. State*, 139 Idaho 533, 82 P.3d 445 (2003).

tion *sua sponte* without first giving notice of its intent, stating the grounds for the dismissal with particularity, and allowing the petitioner twenty days in which to respond. I.C. § 19–4906(b). *See Banks v. State,* 123 Idaho 953, 855 P.2d 38 (1993); *Downing v. State,* 132 Idaho 861, 979 P.2d 1219 (Ct.App. 1999). Such notice of intent to dismiss must give notice of any deficiencies in the petitioner's evidence or any legal analysis that he needs to address in order to avoid dismissal of his action. *Martinez v. State,* 126 Idaho 813, 818, 892 P.2d 488, 493 (Ct.App.1995).

■ A successive petition for post-conviction relief may be summarily dismissed if the grounds for relief were finally adjudicated or waived in the previous post-conviction proceeding. I.C. § 19–4908. Such grounds may be re-litigated, however, if the petitioner shows sufficient reason why they were inadequately presented in the original case. *Id.* Therefore, although a claim of ineffective post-conviction counsel, standing alone, is not grounds for post-conviction relief, an allegation that a claim was not adequately presented in the first post-conviction action due to the deficiency of prior post-conviction counsel, if true, provides sufficient reason to permit the claims to be presented again in a subsequent petition. *Palmer v. Dermitt,* 102 Idaho 591, 595–96, 635 P.2d 955, 959–60 (1981); *Hernandez v. State,* 133 Idaho 794, 798, 992 P.2d 789, 793 (Ct.App.1999); *Wolfe v. State,* 113 Idaho 337, 339, 743 P.2d 990, 992 (Ct.App.1987).

■ As often occurs with pro se filings, the allegations of Griffin's successive post-conviction petition are not artful or entirely clear. Facially, he did not allege that the mistakes of his previous post-conviction counsel entitled him to re-present his *original* claims; a strict reading of the language of his petition raises only questions of counsel's performance. However, a pro se petition must be read

> keep[ing] in mind that petitions and affidavits filed by a *pro se* petitioner will often be conclusory and incomplete.... [F]acts sufficient to state a claim ... may not be

alleged because the *pro se* petitioner simply does not know what are the essential elements of a claim.[2]

*Brown v. State,* 135 Idaho 676, 679, 23 P.3d 138, 141 (2001) *overruling by statute on other grounds recognized by Charboneau v. State,* 140 Idaho 789, 792 n. 1, 102 P.3d 1108, 1111 n. 1 (2004). A fair reading of Griffin's pro se petition is that his initial post-conviction petition had merit and would have survived dismissal but for his post-conviction attorney's improper actions. Further, Griffin expressly made this argument in his Motion to Vacate Judgment, challenging the district court's initial dismissal order in this case. In that motion, citing to *Palmer,* he expressly argued, "The reasoning of the *Palmer* court applies equally to a claim that, because post-conviction counsel was ineffective, an issue was inadequately raised in the initial post-conviction relief application." Thereafter, he argued that his first post-conviction petition would not have been dismissed but for the deficient performance of his appointed counsel in that case, who did not respond to the court's notice of intent to dismiss. It appears that the district court understood the petition in this light, for the notice of intent to dismiss indicated that the court would dismiss the claim because Griffin raised issues already adjudicated, not because ineffective assistance of post-conviction counsel is not a cognizable cause of action under the Uniform Post–Conviction Procedure Act.

■ It follows that the court's notice of intent to dismiss was insufficient or erroneous because the court did not give proper consideration to Griffin's allegation that his first post-conviction action was dismissed due to the ineffective assistance of post-conviction counsel. We cannot discern from the district court's notice of intent (and presumably, neither could the petitioner, who needed to respond) whether the court (1) erroneously overlooked the possibility that such ineffective assistance could constitute "sufficient reason" under I.C. § 19–4908 for Griffin to re-present the claims that were inadequately presented in his first case, or (2) decided

---

2. The *Brown* case was addressing a pro se application for appointment of counsel in a post-conviction action. However, it is equally appli-

cable here, where more is at stake than merely access to an attorney, but the very survival of the post-conviction case.

without explanation that there was not sufficient evidence of ineffective assistance. Either way, the court did not give adequate notice of specific deficiencies in Griffin's evidence or legal analysis, and thus did not properly state the grounds for dismissal.[3]

As we recently stated in *Baker v. State*, Docket Nos. 29578/30413, 142 Idaho 411, 128 P.3d 948 (Ct.App. May 26, 2005):

> The opportunity for an applicant to adequately and appropriately respond to the district court's notice, in order to avoid summary dismissal and have the merits of his or her application considered at an evidentiary hearing, is a substantial right. When that right is affected by a defective notice of proposed dismissal, this Court cannot disregard the error.

(Citation omitted.) Therefore, we must vacate the dismissal order and remand the matter for further proceedings. Our decision does not, of course, preclude another summary dismissal on remand on grounds adequately articulated in a notice of intent to dismiss or in a motion from the State.

## B. Petitioner Is Not Entitled to Summary Disposition

Griffin contends he is entitled to summary disposition in this case. He asserts that his allegations must be accepted as true because the State failed to file an answer within thirty days, as required by I.C. § 19–4906(a), and therefore has not controverted his allegations.[4]

■ Griffin's assertion that he is entitled to summary disposition is without merit. The statement, frequently made in our opinions, that the allegations in a petition for post-conviction relief are deemed true until controverted by the State, refers only to the circumstance where the State has moved for summary disposition or the court has given notice of intent to summarily dismiss. *See,*

*e.g., Dunlap v. State*, 126 Idaho 901, 894 P.2d 134 (Ct.App.1995); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct.App.1994). It is a rule that protects petitioners by precluding summary disposition if the petitioner's evidence, when assumed to be true, *is sufficient to raise a genuine issue of material fact.* It is simply a different expression of the rule applied to summary judgment motions under Idaho Rule of Civil Procedure 56(c) requiring that all facts be liberally construed in favor of the nonmoving party and that the court draw all reasonable inferences in favor of the party resisting the motion. *See, e.g., G & M Farms v. Funk Irrigation Co.,* 119 Idaho 514, 517, 808 P.2d 851, 854 (1991); *Sanders v. Kuna Joint Sch. Dist.,* 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct. App.1994). In other words, the rule on which Griffin relies serves as a shield to parties *resisting* a motion for summary disposition; it does not relieve a petitioner who is *seeking* summary disposition from the requirement, applicable to all summary judgment movants, to demonstrate that there exists no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *See* I.R.C.P. 56(c); *State v. Beorchia,* 135 Idaho 875, 879, 26 P.3d 603, 607 (Ct.App.2001). Griffin did not even move for summary disposition in the district court, much less make the required showing that the alleged facts on which he bases his claims are uncontroverted.

■ Griffin's argument that by failing to file a timely answer to his petition, the State has waived any right to controvert his allegations is likewise without merit. He makes the argument without citation to authority, and it is without support in the post-conviction statutes or the Idaho Rules of Civil Procedure. Defendants in civil actions may file untimely answers so long as they have not been precluded by an intervening order of default; and a default order may be ob-

---

3. To the extent that the district judge intended to dismiss the petition because Griffin had presented only the impermissible cause of action of ineffective assistance of post-conviction counsel, the notice, which does not mention this reasoning, is insufficient.

4. Although he did not move for summary disposition on these grounds, after the petition was dismissed, he filed a "Motion to Vacate Judgment" that did include the argument, which the district court denied without discussion.

tained only by following procedures prescribed in the civil rules. *See* I.R.C.P. 55.

## III.

## CONCLUSION

The order of summary dismissal is vacated, and the case is remanded to the district court for further proceedings consistent with this opinion.

Chief Judge PERRY and Judge GUTIERREZ concur.