IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 36883

| CRUCILLO RAMIREZ ARIOLA, | ) | 2011 Unpublished Opinion No. 301 |
|---|---|---|
| | ) | |
| Petitioner-Appellant, | ) | Filed: January 3, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

Order summarily dismissing application for post-conviction relief, <u>affirmed</u>.

Crucillo Ramirez Ariola, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

PERRY, Judge Pro Tem

Crucillo Ramirez Ariola appeals pro se from the district court's order summarily dismissing his successive application for post-conviction relief. We affirm.

Ariola was found guilty after a jury trial of conspiracy to traffic in heroin and conspiracy to traffic in cocaine. His judgment of conviction and sentences were affirmed in an unpublished opinion on direct appeal. *State v. Ariola*, Docket No. 32486 (Ct. App. Feb. 20, 2007). Ariola filed his original application for post-conviction relief on February 5, 2008. Counsel was appointed for Ariola and an evidentiary hearing on the application was held. Thereafter, the district court dismissed the application by written order.[1]

On July 9, 2009, Ariola filed a successive application for post-conviction relief and a request for appointment of counsel. In denying appointment of counsel, the district court noted that the successive application alleged "the same facts as were brought, heard and dismissed in

_____

[1] Neither the original application nor the district court's written order dismissing it following the hearing have been made part of the record in this case.

the first" application. The district court found that the successive application was patently frivolous and denied appointment of counsel. The district court also gave notice of its intent to summarily dismiss Ariola's successive application pursuant to I.C. § 19-4906. Ariola filed a response to the district court's notice. The state filed an answer and a motion for summary disposition. As an additional ground for dismissal, the state asserted that Ariola had failed to demonstrate sufficient reason why his claims were not raised or were inadequately raised in his original application. The district court then entered an order summarily dismissing Ariola's successive application for the reasons stated in both its notice and in the state's motion. Ariola appeals.

Idaho Code Section 19-4908 provides:

> All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application

In his successive application Ariola continued to assert that his trial counsel provided ineffective assistance and that there was insufficient evidence to convict him. Ariola's response to the district court's notice of intent to dismiss added allegations that appellate counsel was ineffective.

However, as noted, the record on appeal in this case does not include Ariola's original application for post-conviction relief or the district court's written order dismissing that application. Therefore, we cannot determine whether any of the claims asserted in either the successive petition or in Ariola's response to the district court's notice of intent to dismiss were raised in the original petition. Thus, we can only determine that either Ariola asserted the same claims in his original application as are raised in the successive application *or* he failed to raise the claims or he inadequately raised the claims in the first application. Regardless, the outcome of Ariola's current appeal does not change.

Ariola was obligated by I.C. § 19-4908 to show sufficient reason why a claim was not raised or, if it was raised, why it was inadequately raised. He has failed to do so. He does not allege ineffective assistance of his first post-conviction counsel. He presents no admissible

evidence or argument showing that these successive claims were not, or could not have been, raised in his original application. Ariola simply continues to argue that his underlying claims of error in the district court during his criminal trial have merit.

We have recognized that pro se applications and affidavits are often not artful or entirely clear and have inferred from a pro se applicant's successive petition that the applicant believed that the initial application had merit and would have survived dismissal but for his or her post-conviction counsel's improper actions. *Griffin v. State*, 142 Idaho 438, 128 P.3d 975 (Ct. App. 2006). Here, however, Ariola only argues on appeal that, "although the issue of ineffective assistance of counsel was addressed in his original application, the criteria for ineffective assistance raised in the successive petition are themselves of a different nature than previously raised." He has not demonstrated sufficient reason for allowance of his successive application. Accordingly, Ariola has failed to show error in the district court's dismissal of his successive application for post-conviction relief.

We affirm the district court's order dismissing Ariola's successive application for post-conviction relief. Costs, but not attorney fees, are awarded to the respondent.

Chief Judge GRATTON and Judge LANSING, **CONCUR.**

3