**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39372**

| | | |
|---|---|---|
| DANIEL JOEL LAWYER, | ) | 2012 Unpublished Opinion No. 500 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: May 31, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Nez Perce County. Hon. Carl B. Kerrick, District Judge.

Order dismissing application for post-conviction relief, <u>affirmed</u>.

Daniel Joel Lawyer, Orofino, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Elizabeth A. Koeckeritz, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Daniel Joel Lawyer appeals from the district court's summary dismissal of his application for post-conviction relief. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Lawyer was found guilty of driving under the influence, Idaho Code § 18-8004(1)(a), enhanced to a felony pursuant to I.C. § 18-8005(7).[1] Lawyer was sentenced to a unified term of seven years, with two years determinate. Lawyer appealed the judgment of conviction and sentence, and we affirmed. *See State v. Lawyer*, 150 Idaho 170, 244 P.3d 1256 (Ct. App. 2010).

Lawyer then filed an application for post-conviction relief alleging ineffective assistance of counsel. The State responded with a motion for summary judgment. Counsel was appointed

---

[1] At the time of Lawyer's conviction this provision was codified as I.C. § 18-8005(7). It has subsequently been recodified as I.C. § 18-8005(9). *See* 2009 Idaho Sess. Laws, ch. 184, § 5, p. 598.

1

to represent Lawyer. Lawyer's counsel found it unnecessary to submit additional briefing with respect to Lawyer's application, so the matter was submitted to the court on the briefs filed by the parties. Thereafter, the district court granted the State's motion for summary dismissal. Lawyer timely appeals.

## II.

## DISCUSSION

Lawyer contends the district court erred in summarily dismissing his claim that his trial counsel was ineffective for failing to pursue a motion to dismiss, styled as a motion to change venue in favor of a tribal court.[2] An application for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008); *see also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like the plaintiff in a civil action, the applicant must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). An application for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004) (quoting *Goodwin*, 138 Idaho at 271, 61 P.3d at 628). The application must contain much more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The application must be verified with respect to facts within the personal knowledge of the applicant, and affidavits, records or other evidence supporting its allegations must be attached, or the application must state why such supporting evidence is not included with the application. I.C. § 19-4903. In other words, the application must present or be accompanied by admissible evidence supporting its allegations, or the application will be subject to dismissal.

---

[2] Lawyer also included with his brief, a letter that appears to allege that he received ineffective assistance from post-conviction counsel. However, there is no constitutionally protected right to the effective assistance of counsel in post-conviction relief proceedings. *Follinus v. State*, 127 Idaho 897, 902, 908 P.2d 590, 595 (Ct. App. 1995). Thus, such an allegation, in and of itself, is not among the permissible grounds for post-conviction relief. *See Griffin v. State*, 142 Idaho 438, 441, 128 P.3d 975, 978 (Ct. App. 2006); *Wolfe v. State*, 113 Idaho 337, 339, 743 P.2d 990, 992 (Ct. App. 1987). Therefore, we decline to discuss the issue further.

Idaho Code § 19-4906 authorizes summary dismissal of an application for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative. Summary dismissal of an application is the procedural equivalent of summary judgment under I.R.C.P. 56. "A claim for post-conviction relief will be subject to summary dismissal . . . if the applicant has not presented evidence making a prima facie case as to each essential element of the claims upon which the applicant bears the burden of proof." *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009) (quoting *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998)). Thus, summary dismissal is permissible when the applicant's evidence has raised no genuine issue of material fact that, if resolved in the applicant's favor, would entitle the applicant to the requested relief. If such a factual issue is presented, an evidentiary hearing must be conducted. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629. Summary dismissal of an application for post-conviction relief may be appropriate, however, even where the State does not controvert the applicant's evidence because the court is not required to accept either the applicant's mere conclusory allegations, unsupported by admissible evidence, or the applicant's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

When reviewing a district court's order of summary dismissal in a post-conviction relief proceeding, we apply the same standard as that applied by the district court. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010). On review of dismissal of a post-conviction relief application without an evidentiary hearing, we determine whether a genuine issue of material fact exists based on the pleadings, depositions, and admissions together with any affidavits on file. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Ricca v. State*, 124 Idaho 894, 896, 865 P.2d 985, 987 (Ct. App. 1993). However, "while the underlying facts must be regarded as true, the petitioner's conclusions need not be so accepted." *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069 (quoting *Phillips v. State*, 108 Idaho 405, 407, 700 P.2d 27, 29 (1985)); *see also Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). As the trial court rather than a jury will be the trier of fact in the event of an evidentiary hearing, summary dismissal is appropriate where the evidentiary facts are not disputed, despite the possibility of conflicting inferences to be drawn from the facts, for the court alone will be responsible for resolving the conflict between those inferences. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Hayes*, 146 Idaho at 355, 195 P.3d at 714. That is, the judge in a post-conviction

3

action is not constrained to draw inferences in favor of the party opposing the motion for summary disposition, but rather is free to arrive at the most probable inferences to be drawn from uncontroverted evidentiary facts. *Hayes*, 146 Idaho at 355, 195 P.3d at 714.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Hughes v. State*, 148 Idaho 448, 451, 224 P.3d 515, 518 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hughes*, 148 Idaho at 451, 224 P.3d at 518. To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Hughes*, 148 Idaho at 451, 224 P.3d at 518. To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Hughes*, 148 Idaho at 451, 224 P.3d at 518. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

In his application, Lawyer alleged that his counsel was ineffective for failing to file a motion to change venue. Specifically, he asserted the crime he was convicted of occurred on the Nez Perce Indian Reservation, that he is a member of the Nez Perce Tribe, and the State lacked jurisdiction to prosecute him. On appeal, he appears to renew this argument, stating that his trial and appellate counsel were "not aware and sensitive to Tribal Court Jurisdiction." Pursuant to I.C. § 67-5101, the State of Idaho has jurisdiction for the criminal enforcement of state laws concerning various matters arising in Indian country, including "[o]peration and management of motor vehicles upon highways and roads maintained by the county or state." Idaho courts have previously held that "the State of Idaho has authority to enforce the motor vehicle laws of this state in Indian Country pursuant to the consent provided in Public Law 280 and as implemented by the Idaho Legislature in I.C. § 67-5101." *State v. Beasley*, 146 Idaho 594, 597, 199 P.3d 771, 774 (Ct. App. 2008). It is undisputed that Lawyer was stopped and arrested while driving on

4

State Highway 12 on the Nez Perce Indian Reservation. Therefore, Lawyer was driving on a state highway, over which the State of Idaho has expressly assumed jurisdiction.

Lawyer attempts to overcome the plain language of I.C. § 67-5101 by arguing that the State's enactment of the statute was invalid. According to Lawyer, the State of Idaho did not legally assume jurisdiction and control over criminal offenses occurring on the reservation because Article 21, Section 19 of the Idaho Constitution was never amended and provides that Indian lands will remain under the absolute jurisdiction and control of the federal government. However, the Idaho Supreme Court took up this precise issue in *State v. Marek*, 112 Idaho 860, 736 P.2d 1314 (1987), where the Court stated:

> Marek further asserts the invalidity of the enactment of I.C. § 67-5101, because he argues that prior to such enactment there had been no amendment of art. 21 § 9 of the Idaho Constitution. It is correct that our Constitution, as adopted in pertinent part, provides, "said Indian lands shall remain under the absolute jurisdiction and control of the congress of the United States; . . . ." Nevertheless, it is clear that under the literal language of P.L. 280, a portion of the "absolute jurisdiction and control of the congress of the United States" was ceded with respect to certain criminal offenses to the states, as the states might assume "by affirmative legislative action." Hence, we hold that while our Constitution may have provided for congressional control and jurisdiction over Indian lands, it did not, and could not, prohibit the ceding of part or all of such control and jurisdiction back to the states. Such ceding of partial jurisdiction and control was accomplished by the Congress if the state would consent to accept such jurisdiction and control by legislative enactment. Idaho did so accept that ceding by the Congress through legislative action.

*Id.* at 866, 736 P.2d at 1320; *see also State ex rel. McDonald v. District Court of the Fourth Judicial District*, 496 P.2d 78, 81-82 (Mont. 1972) (holding no constitutional amendment was required because "Congress could at any time repeal Public Law 280 and terminate any jurisdiction of the state courts of Montana over crimes committed by Indians on Indian Reservations. Thus Indian lands 'remain under the absolute jurisdiction and control of the congress of the United States' within the meaning of [the Montana Constitution].").

Given that the Idaho Supreme Court has already considered and rejected Lawyer's argument in a prior decision, the trial court in the underlying criminal case would not have granted the motion for a change of venue. The district court in this case noted the same, finding that "there is no support for [Lawyer's] argument that a motion for change of venue would have been granted in this case." In a post-conviction proceeding challenging an attorney's failure to

5

pursue a motion in the underlying criminal action, the district court may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted incompetent performance. *Boman v. State,* 129 Idaho 520, 526, 927 P.2d 910, 916 (Ct. App. 1996). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court, is generally determinative of both prongs of the *Strickland* test. *Boman*, 129 Idaho at 526, 927 P.2d at 916. Because the motion that Lawyer alleges his counsel should have filed would not have been granted by the district court, Lawyer's counsel was not ineffective for failing to file such a motion.

## III.

## CONCLUSION

The district court did not err in summarily dismissing Lawyer's claim of ineffective assistance of counsel. The district court's order dismissing Lawyer's application for post-conviction relief is affirmed.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**