**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 39321**

| | | |
|---|---|---|
| **EUGENE RAY COBELL,** | ) | **2013 Unpublished Opinion No. 401** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: March 14, 2013** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael E. Wetherell, District Judge.

Judgment summarily dismissing successive petition for post-conviction relief, vacated and case remanded.

Sara B. Thomas, State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

Eugene Ray Cobell appeals from the district court's judgment summarily dismissing his successive petition for post-conviction relief. Specifically, Cobell asserts the district court erred by dismissing the petition on the ground that Cobell's claim of ineffective assistance of prior post-conviction counsel was not a proper basis upon which to file a successive petition. For the reasons set forth below, we vacate the judgment of dismissal and remand the case for further proceedings.

## I.

## FACTS AND PROCEDURE

A jury found Cobell guilty of rape and forcible sexual penetration by use of a foreign object. In July 2008, the district court entered a judgment of conviction and imposed concurrent, unified sentences of life, with ten years determinate, for each charge. Cobell directly appealed, making several claims: (1) violation of his Fifth Amendment right to remain silent when the

1

prosecutor cross-examined him about his post-*Miranda*[1] silence; (2) prosecutorial misconduct during closing argument where the State commented on Cobell's silence after receiving his *Miranda* rights and misstated evidence; (3) cumulative error; and (4) excessive sentences. This Court affirmed the judgment of conviction and sentences, finding the district court erred by allowing the prosecutor to question Cobell regarding his post-*Miranda* silence, but such error was harmless; the prosecutor did not commit misconduct; the misstatement of evidence did not rise to the level of fundamental error; the slight trial error did not warrant the grant of a new trial under the cumulative error doctrine; and the sentences were not excessive. *State v. Cobell*, 148 Idaho 349, 223 P.3d 291 (Ct. App. 2009). Thereafter, Cobell filed a petition for post-conviction relief. The district court dismissed the petition in June of 2010, a decision that Cobell did not appeal.[2]

On July 28, 2011, Cobell filed a successive pro se petition for post-conviction relief. In his successive petition, Cobell asserted the inadvertent omission of key claims and issues in his original post-conviction petition was to blame for its dismissal and he claimed ineffective assistance of his prior post-conviction counsel. Cobell claimed actual innocence due to a medical issue, which rendered him incapable of committing the crimes. Cobell further claimed ineffective assistance of trial counsel for failing to investigate the medical issue, prosecutorial misconduct at both the trial and sentencing, and other claims. Cobell concluded the successive petition was an attempt to raise issues that he was not given a fair opportunity to present in his original post-conviction petition.

The State moved to dismiss the petition, citing as a ground for dismissal Cobell's failure to allege any reason why Cobell's claims were not raised in the original petition. The district court issued a notice of intent to dismiss wherein it concluded a successive petition based on ineffective assistance of prior post-conviction counsel was without merit. Although Cobell responded to the notice of intent to dismiss, the district court issued an order summarily dismissing the petition for the reason stated within the notice and subsequently entered a judgment. Cobell timely appeals.

---

[1]     *See Miranda v. Arizona*, 384 U.S. 436 (1966).

[2]     The record does not reveal what claims were brought in the original post-conviction petition or the grounds on which it was dismissed.

## II.

## ANAYLSIS

Cobell asserts the district court dismissed his successive petition on the sole basis that a claim for ineffective assistance of prior post-conviction counsel was not a proper basis upon which to file a successive petition, a decision that was error. Cobell argues the district court's conclusion is contrary to precedent from Idaho appellate courts, which states that ineffective assistance of post-conviction counsel can provide a sufficient reason to support a successive post-conviction petition that raises new issues or renews claims brought forth in an original petition. The State responds that, although the district court did not expressly acknowledge that ineffective assistance of post-conviction counsel may be a sufficient reason for reasserting previously dismissed claims in a successive petition, Cobell's conclusory claim that post-conviction counsel was ineffective, was insufficient to withstand summary dismissal as stated in the district court's order. The State argues there was no error by the district court because Cobell failed to allege a prima facie showing of ineffective assistance of post-conviction counsel--i.e., Cobell did not allege what actions by post-conviction counsel were deficient or how they prejudiced him.

If an initial post-conviction action was timely filed, an inmate may file a subsequent petition outside of the one-year limitation period if the court finds a ground for relief asserted that for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended petition. Idaho Code § 19-4908; *Charboneau v. State*, 144 Idaho 900, 904, 174 P.3d 870, 874 (2007). There is no constitutionally protected right to the effective assistance of counsel in post-conviction relief proceedings and such an allegation, in and of itself, is not among the permissible grounds for post-conviction relief. *See Follinus v. State*, 127 Idaho 897, 902, 908 P.2d 590, 595 (Ct. App. 1995); *Wolfe v. State*, 113 Idaho 337, 339, 743 P.2d 990, 992 (Ct. App. 1987). Ineffective assistance of prior post-conviction counsel may, however, provide "sufficient reason" for permitting newly asserted allegations or allegations inadequately raised in the initial petition to be raised in a subsequent post-conviction petition. *Schwartz v. State*, 145 Idaho 186, 189, 177 P.3d 400, 403 (Ct. App. 2008). *See also Palmer v. Dermitt*, 102 Idaho 591, 596, 635 P.2d 955, 960 (1981); *Hernandez v. State*, 133 Idaho 794, 798, 992 P.2d 789, 793 (Ct. App. 1999). Failing to provide a post-conviction petitioner with a meaningful opportunity to have his or her claims presented may be violative of due process. *Schwartz*, 145

Idaho at 189, 177 P.3d at 403; *Hernandez*, 133 Idaho at 799, 992 P.2d at 794. *See also Abbott v. State*, 129 Idaho 381, 385, 924 P.2d 1225, 1229 (Ct. App. 1996); *Mellinger v. State*, 113 Idaho 31, 35, 740 P.2d 73, 77 (Ct. App. 1987) (Burnett, J., concurring). Thus, when a second or successive petition alleging ineffectiveness of the initial post-conviction counsel is filed outside of the initial one-year limitation period, application of the relation-back doctrine may be appropriate. *See Hernandez*, 133 Idaho at 799, 992 P.2d at 794.

In its notice of intent to dismiss, the district court recited the standard for filing a successive petition, including that the court must be able to find a sufficient reason that a ground was not raised in an initial post-conviction petition. In citing the reasons for the intended dismissal, the district court noted:

> Here, the petitioner's sole argument that his claims were not adequately raised in his initial post conviction petition is that his post-conviction counsel was ineffective. However, because there is no right to post-conviction counsel, a petition based on ineffectiveness of post-conviction counsel is without merit. *Follinus v. State*, 127 Idaho 897, 908 P.2d 590 (Ct. App. 1995). Because the petitioner has not made any showing why . . . his claims were not previously raised, the Court cannot consider this petition.

In its order of dismissal, the district court stated: "[F]or the reasons set forth in its Notice of Intent to Summarily Dismiss, Mr. Cobell's successive petition for post-conviction relief is hereby DISMISSED." The district court provided no further citation to authority or additional analysis prior to dismissal.

The case on which the district court relied in the notice of intent to dismiss, *Follinus*, holds that there is no constitutional right to an attorney in state post-conviction proceedings and a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings. *Id*. at 902, 908 P.2d at 595. In other words, the denial of effective representation does not merit a remedy on appeal where there is no right to counsel. *Id*. at 903, 908 P.2d at 596. Although the district court is correct that a claim of ineffective assistance of post-conviction counsel is not a ground for relief in a successive petition, the district court's analysis and conclusion in the notice of intent to dismiss failed to address whether Cobell's allegation of ineffective assistance of post-conviction counsel provided a sufficient reason to file a successive petition.

Idaho case law clearly holds that such a claim may provide a sufficient reason to file a successive petition. *Palmer*, 102 Idaho at 596, 635 P.2d at 960; *Schwartz*, 145 Idaho at 189, 177 P.3d at 403; *Hernandez*, 133 Idaho at 794, 992 P.2d at 793. We have also held that, although a

4

court may give notice of its intent to dismiss and allow the petitioner twenty days to respond, the notice must outline the deficiencies in the petitioner's evidence or any legal analysis that he needs to address in order to avoid dismissal of his action. *Griffin v. State*, 142 Idaho 438, 441, 128 P.3d 975, 978 (Ct. App. 2006). A district court should read a pro se petitioner's allegations keeping in mind that petitions and affidavits filed by a pro se petitioner will often be conclusory and incomplete. *Id.* Facts sufficient to state a claim may not be alleged simply because the petitioner may not know the essential elements of the claim. *Id.* When a fair reading of a successive pro se petition for post-conviction relief demonstrates an allegation of ineffective assistance of post-conviction counsel, a district court fails to provide adequate notice if it overlooks the possibility that such an allegation may present a sufficient reason to file a successive petition or decides, with explanation, that there is insufficient evidence of ineffective assistance. *Id.* at 441-42, 128 P.3d at 978-79. Under either circumstance, the notice does not properly state the grounds for dismissal. The opportunity for a petitioner to adequately and appropriately respond to the district court's notice, avoid summary dismissal, and have the merits of his petition considered at an evidentiary hearing is a substantial right. *Id.* at 442, 128 P.3d at 979; *Baker v. State*, 142 Idaho 411, 421, 128 P.3d 948, 958 (Ct. App. 2005). When that right is affected by a defective notice of intent to dismiss, we cannot disregard the error. *Baker*, 142 Idaho at 421, 128 P.3d at 958.

In this case, the district court, in the notice of intent to dismiss, addressed the allegation of ineffective assistance of prior post-conviction counsel as the only argument Cobell presented to explain why issues were inadequately raised in the original petition. It then went on to note that there is no right to post-conviction counsel and, therefore, the argument was without merit. The notice did not address any of Cobell's substantive claims. From the face of the notice, it seems the district court overlooked the possibility that ineffective assistance in prior proceedings may present a sufficient reason to file a successive petition. Alternatively, if the court recognized that possibility, it decided--without explanation of the facts alleged by Cobell or legal analysis of an ineffective assistance of counsel claim[3]--that there was insufficient evidence of

---

[3]     The district court did not cite the standard for alleging an ineffective assistance of counsel claim put forward in *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), or put Cobell on notice that he was required to alleged both deficiency in counsel's performance and prejudice resulting therefrom.

ineffective assistance. A fair reading of Cobell's successive petition shows that Cobell was attempting to make such an allegation. The district court needed to provide notice to Cobell specifying that Cobell needed to support his claim that post-conviction counsel failed to adequately raise his claims in the prior proceeding, not that ineffective assistance of prior post-conviction counsel is not a basis for post-conviction relief.[4] Because the notice did not do so, it was inadequate and the decision to summarily dismiss on the grounds stated in the notice was error.

The State proffers additional grounds on which we can affirm the judgment of dismissal, citing to the untimeliness of Cobell's petition and the fact "Cobell's petition has not alleged any reason why grounds for relief were not raised in the first [petition]." The State claims that because Cobell failed to make a prima facie showing of ineffective assistance of post-conviction counsel, the petition was properly subject to dismissal for failing to show a sufficient reason that would support the filing of a successive petition.

The State's position, as to the shortcomings of Cobell's allegations, overlooks the inadequacy of the district court's notice of intent to dismiss to Cobell. Neither the State's objection and motion to dismiss nor the district court's notice of intent to dismiss stated the legal standard or elements that Cobell needed to allege to make such a prima facie showing of ineffective assistance of post-conviction counsel and provide a sufficient reason to file a

---

[4] A fair reading of Cobell's petition also points to a request for appointment of counsel. Cobell expressly stated on page seven of his petition, "Here-up, the Petitioner does ask for the court to concider [sic] appointment of council [sic] for a limited purpose of argueing [sic] cause and prejudice, if the Petitioner's efforts fail to meet the courts standardard [sic] to allow a second action to be filed . . . ." Cobell again addressed the need for counsel on page eleven of his petition, wherein he cited his inability to present complicated legal matters without the assistance of counsel and that more "cause and prejudice" in regards to Cobell's claims could be found by counsel. Any request for appointment of counsel must be addressed before a court considers the merits of claims alleged in a post-conviction petition. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Fox v. State*, 129 Idaho 881, 885, 934 P.2d 947, 951 (Ct. App. 1997). Cobell's request was either overlooked or left unaddressed by the district court in this case. We do not purport to say whether the request should have been granted, but only that the claims should have been reviewed first as to whether Cobell alleged the possibility of a valid claim, warranting an appointment of counsel. *See Charboneau*, 140 Idaho at 793, 102 P.3d at 1112.

6

successive petition or avoid dismissal--though we only rely on the inadequacies in the district court's notice, as that was the basis for dismissal. Because the notice to Cobell was inadequate, we will not address whether Cobell's substantive claims are subject to summary dismissal for failure to support the allegations with admissible evidence or raise a genuine issue of material fact. I.C. §§ 19-4903, 19-4906.

As to the State's timeliness argument, this was not a ground for dismissal cited in either the notice of intent to dismiss or the order of dismissal. In other words, timeliness was not an issue addressed by the district court. We cannot consider the State's argument on appeal that was not a basis of the court's dismissal below. *Follinus*, 127 Idaho at 901, 908 P.2d at 594.

## III.

## CONCLUSION

We conclude the notice of intent to dismiss to Cobell was inadequate either due to an erroneous conclusion that ineffective assistance of post-conviction counsel could not provide a sufficient reason to file a successive post-conviction petition or due to the failure to identify why Cobell's allegations failed to state a sufficient reason to file a successive petition or state a claim for relief. Accordingly, the judgment dismissing Cobell's successive post-conviction petition is vacated, and the case is remanded to the district court for further proceedings consistent with this opinion.

Judge GRATTON and Judge MELANSON **CONCUR.**