## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 46780

| | |
|---|---|
| JEREMY TODD HILL,<br><br>    Petitioner-Appellant,<br><br>v.<br><br>STATE OF IDAHO,<br><br>    Respondent. | )<br>)  **Filed: April 6, 2020**<br>)<br>)  **Karel A. Lehrman, Clerk**<br>)<br>)  **THIS IS AN UNPUBLISHED**<br>)  **OPINION AND SHALL NOT**<br>)  **BE CITED AS AUTHORITY**<br>)<br>) |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. Benjamin J. Cluff, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Chief Judge

Jeremy Todd Hill appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. Hill asserts the district court did not provide sufficient notice of his petition's deficiencies and abused its discretion by dismissing his petition before ruling on his motion for the appointment of counsel. Hill contends this error was not harmless because his petition alleged facts that give rise to the possibility of a valid claim for relief. Because Hill did not preserve the issue of the sufficiency of the district court's notice for appeal and did not allege facts that raise the possibility of a valid claim for relief, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Hill pled guilty to aggravated battery, and the district court sentenced him to a unified term of ten years, with three years determinate. Subsequently, Hill filed a motion for the

1

appointment of counsel and a petition for post-conviction relief alleging claims of ineffective assistance of counsel and unlawful withholding of evidence by the State prior to his plea.

The district court issued a notice of intent to dismiss Hill's post-conviction petition. The notice substantively consisted of the following:

> NOTICE IS HEREBY GIVEN of the Court's intent to dismiss the foregoing case, pursuant to *Idaho Code* § 19-4906(b), for failure of Petition to state a valid claim upon which relief may be granted by this Court. Petitioner has twenty (20) days from the date hereof to show why this matter should not be dismissed.

The court did not address Hill's motion for the appointment of counsel.

In response to the district court's notice, Hill filed a motion in opposition. In the motion, Hill expanded on his claims by including additional legal authority and asserted that the use of a "tainted PSI" impacted the proceedings and deprived the district court of subject matter jurisdiction over his criminal proceedings. To support this claim, Hill filed a "motion to redact presentence investigation report and alternative motion for possible disqualification for voluntary disqualification of court" within his criminal case.[1]

Without ruling on Hill's motion for the appointment of counsel, the district court dismissed Hill's petition for post-conviction relief. As grounds for the dismissal, the district court stated that Hill's petition: (1) did not contain any facts specific to his underlying criminal proceedings; (2) did not identify any admissible evidence in support of the petition; (3) consisted almost entirely of boilerplate language that was clearly not originally drafted for Hill's particular case; and (4) did not present any claim which was supported by any case-specific facts of admissible evidence for which the court could grant the petitioner relief.[2] Hill timely appeals.

---

[1]    As Hill filed these documents within his criminal case, they were not before the district court for consideration in his post-conviction action. Although Hill filed a motion for the Idaho Supreme Court to take judicial notice of his underlying criminal case contemporaneously with his initial appellant's brief, the Court denied the motion.

[2]    Initially, the district court also found that Hill did not respond to the court's notice in its order of summary dismissal. However, the court subsequently issued a corrected memorandum decision and order, in which it acknowledged that Hill filed a timely response and removed that finding from its ground for dismissal. The court's reasoning on all other issues remained the same as the initial order. The amended documents did not reference Hill's motion for the appointment of counsel.

## II.

## ANALYSIS

On appeal, Hill asserts the district court's notice of intent to dismiss did not provide sufficient notice of his petition's deficiencies and therefore, did not provide Hill a meaningful opportunity to respond. As such, Hill argues the notice was not a valid basis for which the court could summarily dismiss his petition. Additionally, Hill alleges the district court erred by summarily dismissing his petition without ruling on his motion for appointment of counsel. Hill contends this error was not harmless because his petition alleged facts that raised the possibility of a valid claim for post-conviction relief, and therefore, his petition merited the appointment of counsel.

The State argues the district court's notice was sufficient, and alternatively, Hill was required to raise his claim related to the sufficiency of the court's notice to the district court for the issue to be preserved for appeal. Additionally, although the State concedes the district court abused its discretion by failing to rule on Hill's motion for appointment of counsel before dismissing his petition, the State asserts the court did not commit reversible error because Hill's petition did not raise the possibility of a valid claim for post-conviction relief.

### A. Hill Did Not Preserve a Challenge to the Sufficiency of the Notice Because He Did Not Raise the Issue Below

"A trial court may summarily dismiss a petition for post-conviction relief, either upon motion of a party or on the court's own initiative, if the petitioner's evidence has raised no genuine issue of material fact which, if resolved in the petitioner's favor, would entitle him to the requested relief." I.C. § 19-4906; *Griffin v. State*, 142 Idaho 438, 440, 128 P.3d 975, 977 (Ct. App. 2006). However, when a district court determines sua sponte that claims alleged in an application do not entitle a petitioner to relief, the court must provide notice of its intent to dismiss, state the grounds for the dismissal, and allow the petitioner twenty days to respond with additional facts to support his or her claims. I.C. § 19-4906(b); *DeRushe v. State*, 146 Idaho 599, 601-02, 200 P.3d 1148, 1150-51 (2009); *Griffin*, 142 Idaho at 441, 128 P.3d at 978. Although the court must state the grounds for dismissal with reasonable particularity, the court is not required to provide the petitioner notice of any deficiency in the evidence or any legal analysis that needs to be addressed in order to avoid dismissal of the petition. *DeRushe*, 146 Idaho at 601, 200 P.3d at 1150. Instead, the notice is sufficient if the petitioner cannot assert surprise or prejudice upon dismissal of the petition. *Id.*

A petitioner's ability to challenge the sufficiency of the notice for the first time on appeal depends on whether the petitioner was provided with any notice at all, either through the court's issuance of a notice of intent to dismiss or the State's motion for summary dismissal. A petitioner may assert for the first time on appeal that his or her post-conviction claims were dismissed without any notice at all. *Kelly v. State*, 149 Idaho 517, 522, 236 P.3d 1277, 1282 (2010). However, a petitioner cannot challenge the sufficiency of the notice for the first time on appeal; if the petitioner received notice but believes the grounds articulated for the dismissal were insufficient to alert the petitioner to the petition's deficiencies, the petitioner must object at the trial court. *DeRushé*, 146 Idaho at 602, 200 P.3d at 1151. This may occur when the petitioner receives the notice, at a subsequent hearing, or even after the court grants the motion for summary dismissal through an Idaho Civil Procedure Rule 11 motion for reconsideration. *Kelly*, 149 Idaho at 522 n.1, 236 P.3d at 1282 n.1.[3] To properly preserve a claim related to the sufficiency of the notice for appeal, a petitioner "would merely have to raise the issue below so that the district court had an opportunity to rule on it." *Id.*

When assessing pro se actions for post-conviction relief, this Court must consider that pro se litigants are held to the same standards as those litigants represented by counsel. *Michalk v. Michalk*, 148 Idaho 224, 229, 220 P.3d 580, 585 (2009). Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *Id.*

On appeal, Hill argues the district court's notice was so insufficient that it did not constitute notice at all, and therefore, he can properly raise the notice claim for the first time on appeal. Hill alleges the distinction between insufficient notice that provides some, but not enough notice, and insufficient notice that provides no notice has previously been recognized by the Idaho appellate courts in *Banks v. State*, 123 Idaho 953, 855 P.2d 38 (1993) and *Garza v. State*, 139 Idaho 533, 82 P.3d 445 (2003) (abrogated by *Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 265 P.3d 502 (2011)). Although the Idaho Supreme Court did not face a preservation issue in either *Banks* or *Garza*, the Court explicitly rejected a petitioner's attempt to

---

[3]     Although previous appellate court decisions have concerned challenges to the adequacy of the State's notice provided in its motion for summary dismissal, Hill has not articulated a reason the preservation requirement should not apply with equal force whether the notice is provided by the State or by the court, and this Court similarly finds none.

4

convert a challenge to the sufficiency of notice to a claim of a complete lack of notice to distinguish the preservation requirement in *Kelly*.

The petitioner in *Kelly* sought post-conviction relief on five grounds, including a claim of ineffective assistance of counsel for failure to file a motion to suppress. *Kelly*, 149 Idaho at 520-22, 236 P.3d at 1280-82. The State filed a motion for summary dismissal of all of Kelly's claims on the grounds that Kelly "has no evidentiary basis to support his claims." *Id.* at 522, 236 P.3d at 1282. Subsequently, the district court summarily dismissed all of Kelly's claims, finding Kelly did not provide specific facts to show his counsel's behavior fell below an objective standard of reasonableness and his claim was unsupported in the record. *Id.*

On appeal, Kelly argued the minimal notice provided by the State in its motion for summary dismissal amounted to no notice at all, and therefore, he could raise a claim related to the notice for the first time on appeal. *Id.* The Court rejected this contention, holding that if a petitioner received notice and the court dismissed the petition partly on a basis stated in the notice, the petitioner is required to challenge the sufficiency of the notice before the district court to preserve the issue for appeal. *Id.* at 524, 236 P.3d at 1284. Idaho appellate courts "will not engage in a sufficiency-of-the-notice analysis under the guise of considering whether an appellant was provided with any notice at all." *Id.* at 522, 236 P.3d at 1282. Because Kelly did not raise a challenge to the sufficiency of the notice before the district court, Kelly was not permitted to raise it for the first time on appeal and accordingly waived the issue. *Id.*

Here, the district court provided notice to Hill by filing a notice of intent to dismiss Hill's petition for post-conviction relief "for failure of Petitioner to state a valid claim upon which relief may be granted." Hill received and responded to the notice. The district court dismissed Hill's petition, in part because the petition "did not present any claim, which was supported by any case-specific facts or admissible evidence, for which the court could grant Petitioner relief." Therefore, the court gave Hill notice of the ground upon which it would dismiss his petition. Hill was required to raise his challenge regarding the sufficiency of the notice before the district court for it to be considered on appeal. Because Hill did not, he has waived the issue.

**B.** **Although the District Court Abused Its Discretion by Dismissing Hill's Petition Prior to Ruling on His Motion for Appointment of Counsel, This Error Was Harmless Because Hill's Petition Did Not Raise the Possibility of a Valid Claim for Relief**

It is error for courts to deny a petition for post-conviction relief on the merits before ruling on the petitioner's request for appointment of counsel. *Hust v. State*, 147 Idaho 682, 685, 214 P.3d 668, 671 (Ct. App. 2009). The State concedes the district court erred by summarily dismissing Hill's petition for post-conviction relief prior to ruling on Hill's motion for the appointment of counsel. However, the State argues because Hill did not allege facts that raise the possibility of a valid claim for relief, the district court did not commit reversible error.

**1.** **Hill does not provide argument or authority for why his petition alleged facts that raised the possibility of a valid claim for post-conviction relief**

A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). In Hill's initial appellant's brief, Hill asserts the district court's abuse of discretion was not harmless because his petition alleged facts that gave rise to the possibility of a valid claim for relief. Hill alleges the documents he filed in his criminal case allege: (1) his trial counsel did not advise him of his Fifth Amendment right not to participate in presentence evaluations; and (2) if he would have known of this right he would have exercised it. Therefore, he reasons he alleged facts related to his claim of a "tainted PSI" that give rise to the possibility of an ineffective assistance of counsel claim.

However, Hill filed the documents that allege these facts in his criminal case, not in his post-conviction action. After the Idaho Supreme Court denied Hill's motion to take judicial notice of his criminal record, Hill withdrew all argument related to this claim in his reply brief. As Hill has withdrawn this argument and does not provide additional argument that any of the other claims raised in his petition allege facts that give rise to the possibility of a valid claim for post-conviction relief, Hill has waived the issue.

**2.** **The district court did not commit reversible error because Hill failed to allege facts that raised the possibility of a valid claim for relief in his petition**

Even if Hill had not waived consideration of the other claims raised by his petition for post-conviction relief, the district court did not commit reversible error because his petition did not allege facts that raise the possibility of a valid claim related to any other assertion in his

petition.[4]  Although Hill does not argue these claims allege facts that merit the appointment of counsel, on appeal, Hill asserts his petition put forth claims of:  (1) ineffective assistance of counsel because counsel ignored a potential theory of self-defense; (2) ineffective assistance of counsel because counsel did not present additional mitigating evidence at his sentencing hearing; and (3) the State unlawfully withheld relevant evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

However, Hill has not alleged any facts to support these claims, and therefore, the claims fail as a matter of law.  For example, Hill did not allege what theory of self-defense his attorney ignored or what mitigating evidence his counsel did not present.  Further, in relation to Hill's *Brady* claim, as Hill acknowledges, "the most pertinent allegations of fact--what evidence had been withheld--are missing."  Unlike statutory rules or case law, these are facts that should be within Hill's knowledge and therefore, should be alleged in Hill's petition.  Without Hill asserting the basic facts that give rise to each claim, Hill's petition cannot put forth the possibility of a valid claim for relief.

## III.

## CONCLUSION

Because the district court provided notice of its intent to dismiss and subsequently dismissed Hill's petition, in part, on that basis, Hill must have challenged the sufficiency of the notice before the district court to preserve the claim for appeal.  Additionally, although the district court abused its discretion by summarily dismissing Hill's petition for post-conviction relief before ruling on his motion for the appointment of counsel, this error was harmless because Hill did not allege facts that raised the possibility of a valid claim. Therefore, the district court's judgment summarily dismissing Hill's petition for post-conviction relief is affirmed.

Judge GRATTON and Judge BRAILSFORD **CONCUR**.

---

[4]  On appeal, Hill asserts this Court should remand the proceedings because "[a]t this stage in the proceedings, when all the inferences are run [sic] in Mr. Hill's favor, there is *the possibility* that Mr. Hill could make out a valid claim about ineffective assistance of counsel during the sentencing phase of his case or about a *Brady* violation."  This is not the correct articulation of the standard for appointment of counsel.  Rather, the question is whether the petitioner actually alleged facts that give rise to the possibility of a valid claim for relief.  *Grant v. State*, 156 Idaho 598, 603, 329 P.3d 380, 385 (Ct. App. 2014).  If so, the petitioner should be afforded the opportunity to work with counsel to properly allege the necessary supporting facts. *Id.*